ANDREW SANDAGER and HANS HAUGAN, Plaintiffs and Respondents, *v.* NORTHERN PACIFIC ELEVATOR COMPANY, Defendant and Appellant.

### Chattel Mortgages—Rights of Mortgagee.

Plaintiffs were the owners of a chattel mortgage, properly filed. Among other provisions contained in the mortgage were the following: "And it is hereby agreed that if default be made in the payment of the said debt, or any part thereof, or if any attempt be made to remove or dispose of said property, or if at any time said mortgagees shall deem the said debt unsafe or insecure, or whenever they shall choose to so do, they are hereby authorized, either by themselves or agent, to enter upon the premises where the said property may be, and remove and sell the same," etc. While the mortgage was in full force and unsatisfied defendant unlawfully took possession of the property covered by the mortgage, and converted the same to its own use. *Held*, that under the power to "remove and sell" the property the owner of the mortgage was authorized to take possession upon condition broken and that, having the right to take possession, they were also in a position to maintain an action against the defendant for the value of the mortgaged property, which defendant had unlawfully taken and converted.

(Opinion Filed February 25, 1891. Re-hearing Denied April 1, 1891.)

APPEAL from district court, Ransom county; Hon. W. S. LAUDER, Judge.

*A. C. Davis*, for appellant. *Rourke & Allen* and *Goodwin & Van Pelt* for respondents.

Action to recover price of wheat, alleged to have been converted by defendant. Judgment for plaintiff. Defendant appeals. Affirmed.

Mr. Davis, for the appellant, cited nó authorities.

Rourke & Allen and Goodwin & Van Pelt, for respondents:

On the point that plaintiff did not allege facts to show that at the time of the commencement of the action plaintiff was entitled to the possession of the mortgaged property: Everett v. Buchanan, 2 Dak. 249, 268; Brewing Company v. Elevator Co., 5 Dak. 62; Nichols v. Barnes, 3 Dak. 148; Bank v. Elevator Co. 43 N. W. Rep. 806; Machine Co. v. Campbell, 13 Pac. Rep. 324; Campbell v. Quackenbush, 33 Mich. 287; Lainy v. Perrott, 12 N. W. Rep. 192. A stipulation in a chattel mortgage that the mortgagor shall remain in possession until breach of condition, is personal to the mortgagor and cannot be assigned or transferred. The mortgagee is therefore not precluded from bringing trover for the property, before or after breach of condition, against a purchaser from the mortgagor. Ballune v. Wallace, 2 Rich. (S. C.) 80; McCandless v. Moore, 50 Mo. 511.

The opinion of the court was delivered by

WALLIN, J. This action is to recover the value of certain wheat, which the plaintiffs allege that the defendant has unlawfully converted. Plaintiffs base their right of recovery upon a certain chattel mortgage covering the wheat, a copy of which is annexed to the complaint, and made a part thereof. The complaint contains all necessary averments to show the plaintiffs' right of recovery, and is in no respect criticised, except as to that part thereof which has reference to the rights of the mortgagees upon a default. The conditions of the mortgage are as follows: "And it is hereby agreed that if default be made in the payment of said debt, or any part thereof, or if any attempt be made to remove or dispose of said property, or if at any time said mortgagees shall deem the said debt unsafe, or whenever they shall choose so to do, they are hereby authorized, either by themselves or agent, to enter upon the premises where

the said property may be, and remove or sell the same, at public or private sale, without notice to the mortgagor, and without demand of performance, and out of the proceeds retain the amount then owing on said debt, with expenses attending the same, including ———— dollars attorney's fees, rendering to the undersigned the surplus after the whole of said debt shall have been paid, with charges aforesaid." There was a jury trial resulting in a verdict and judgment for the plaintiffs. None of the evidence comes up with the judgment record, and we must therefore assume, in support of the judgment, that the material facts which are set out in the complaint were supported by the evidence, including the following allegations of fact: "That while said mortgage remained in force and unsatisfied, and on or about the 30th day of August, 1889, the defendant wrongfully and unlawfully took possession of the whole of said five hundred and ninety bushels of wheat, and wrongfully and unlawfully converted the same to its own use, all to the damage of these plaintiffs in the sum of two hundred and fifty-two and fifty-one hundredths dollars." When the case was called for trial, defendant objected to the introduction of any evidence under the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The objection was overruled, and the defendant saved an exception to the ruling, and subsequently embodied the exception in a bill of exceptions, which was incorporated with the judgment roll, and comes up on appeal from the judgment. This ruling is the only error assigned by the appellant in this court. Counsel for the appellant states the point of the exception as follows: "The plaintiffs claim the right to the immediate possession of the property in dispute by virtue of a chattel mortgage, a copy of which they annex to their complaint. There is no express stipulation in the mortgage entitling the mortgagees to the possession of the mortgaged property, either before or after condition broken, or in any other contingency." Counsel further says that, "in the absence of an express stipulation in the mortgage, the mortgagor shall be entitled to the possession of the property." Also that "it is well established that to maintain an action for the conversion of personal property the plaintiffs must have the same

title and right to the possession which would be essential if the suit were in replevin." We confess to a total inability to discover any force or merit in the appellant's objection. A breach of the conditions of the mortgage is alleged and shown, and by the express terms of the instrument the mortgagees are "hereby authorized, either by themselves or agent, to enter upon the premises where the said property may be, and remove and sell the same." This provision gave the mortgagees the right upon a breach to "remove and sell." The words employed plainly import that the mortgagees may take possession, and we think they are incompatible with any other fair construction. Having the right to the possession upon a breach of the conditions of the mortgage, and a breach having occurred, the plaintiffs were in a position to maintain an action for the value of the property as against the defendant, who had unlawfully taken and converted it to their own use. The judgment will be affirmed. All concur.