STATE OF IOWA v. CHARLES OZIAS, Appellant.

**Criminal law:** TRIAL TO COURT: FINDINGS.  The findings of fact in a
1    criminal case tried to the court by agreement will be given the same force on appeal as the verdict of a jury.

**Receiving stolen property:** EVIDENCE OF ACCOMPLICE:  CORROBORATION.
2    On a prosecution for receiving stolen property, evidence that the same was found on defendant's premises is held sufficient to corroborate the testimony of an accomplice, that he stole the property and with defendant's knowledge left it at his place, and that defendant thereafter appropriated it to his own use.

*Appeal from Buchanan District Court.*— HON. FRANKLIN C.
PLATT, Judge.

WEDNESDAY, NOVEMBER 13, 1907.

THE defendant was tried before a justice of the peace on an information charging him with receiving stolen goods.

Being convicted, he appealed to the district court, where by agreement the case was tried without a jury, and judgment was rendered finding him guilty of the charge and adjudging that he pay a fine of $100. From this judgment, the defendant appeals.— *Affirmed*.

*E. E. Hasner,* for appellant.

*H. W. Byers,* Attorney-General, *C. W. Lyon,* Assistant Attorney-General, and *R. J. O'Brien,* County Attorney, for the State.

McCLAIN, J.— The finding of the trial court is entitled to the same consideration at our hands as should be given to the verdict of a jury, if the defendant had seen fit to insist upon a jury trial, and a verdict had been rendered against him. Therefore, in the absence of any contention that error of law was committed by the court, we have nothing to determine save the one question: Whether there is in the record any evidence such as would reasonably justify the finding of the trial court.

The stolen property, which defendant is charged with concealing, consisted of nine bales of hay which one Moore, who was in defendant's employ on his farm, testified he took from a neighbor, and which the court must have found, in order to justify a conviction, that defendant concealed with knowledge that it was stolen. There is ample support, in the testimony of Moore, that he stole the hay and brought it to defendant's barn, and that defendant, knowing it to have been stolen, retained it and allowed it to be used for the feeding of his horses. Counsel for appellant contends, however, that Moore was an accomplice, and that there was no evidence in corroboration of his testimony. But the man from whom the hay was stolen testified to following the tracks of the sled on which the hay had been hauled away from his place to defendant's barnyard, and that, when he inquired of de-

fendant about the hay and asked to be allowed to look for it, he refused to do so, except as they should proceed according to law.   In view of the fact that the hay was found in defendant's barn, this furnished the necessary corroboration of the testimony of Moore.

There is no lack of evidence as to any essential of the crime charged, and the judgment of the trial court is therefore *affirmed*.