(125 N. W. 474.)

---

ALBERT G. WHITNEY AND ALICE W. WHITNEY v. LEWIS W. AKIN, JOHN R. WALTERS, CHARLES J. AKIN, JOHN J. GARVIN, L. T. WIPER, CHARLES A. WHEELOCK, GREEN & DELAITTRE COMPANY, JOHN BOOS, COLEAN MANUFACTURING COMPANY, C. F. NOBLE, ACME HARVESTING MACHINE COMPANY, MARION GRANGE, WILLIAM FINNEY, JAMES P, AYLEN, WYMAN, PARTRIDGE & COMPANY, DOWAGIAC MANUFACTURING COMPANY, NORTHERN TRUST COMPANY, OLE A. SEM AND ANDREW SEM.

Opinion filed February 17, 1910.

**Appeal and Error — Statement of Case — Presumptions in Absence of Proof.**

1. Upon an appeal, where, as in this case, the findings and decree of the court respond to the allegations of the complaint and prayer for relief, but the evidence is not brought into the record by a properly authenticated statement of the case, it will be presumed that all material facts alleged in the complaint are supported by competent proof.

**Same — Appeal upon Judgment Roll — Presumptions as to Findings.**

2. In a case such as this, where the sufficiency of the evidence to support the findings of the court cannot be considered because the appeal is based entirely upon the judgment roll proper, it will be presumed that the findings of the court are fully supported by competent evidence.

**Vendor and Purchaser — Specific Performance — Judgment — Sufficiency of the Evidence.**

3. In an action by vendors to compel specific performance by the vendees to a contract for the purchase of real property of their agreement to pay each year upon the purchase price a sum equivalent to the value of one-half of the crop grown upon the land during that year, an allegation of the vendors as plaintiffs in their complaint, admitted by defendants' answer, that the entire balance of the purchase price in a stated sum is due and unpaid, will support a decree of the court requiring defendants within a reasonable time to pay that sum to the plaintiffs, and the plaintiffs thereupon to execute and deliver to defendants a conveyance of the land.

**Vendor and Purchaser — Appeal — Sufficiency of the Evidence to Support Findings.**

4. Where the court finds that during two years the crops grown upon land held under a contract of sale providing for payment of the purchase price by application each year of the proceeds of one-half the crop have not been in any part delivered by the vendees to the vendors, and that thereafter there was due upon the contract a certain sum, on an appeal based on the judgment roll, alone, it will be presumed in support of the findings that the evidence showed the value of the crops for the two years in which they were not delivered was, at least, equivalent to the sum so found to be due on the contract.

**Costs — Discretion.**

5. Costs allowed under section 7179, Rev. Codes 1905, are in the discretion of the court, and, unless the facts show an abuse of the court's discretion, its rulings refusing certain costs will not be disturbed.

**Costs — Who Entitled — Construction of Statute.**

6. The costs or attorney's fee which may be allowed by the provisions of section 7176, Rev. Codes 1905, apply only to actions which are indisputably for the foreclosure of a mortgage upon real or personal property. The fact that the parties in equity stand in a relation that is practically that of mortgagor and mortgagee does not of itself require or authorize an allowance of costs under this section.

Appeal from District Court, Cass county; *Pollock, J.*

Action by Albert G. Whitney and others against Lewis W. Akin and others. Decree for defendants, and plaintiffs appeal.

Affirmed.

*Ball, Watson, Young & Lawrence* and *Reynolds & Roesser,* for appellants.

*Engerud, Holt & Frame,* for respondents.

ELLSWORTH, J.   Appellants, who were plaintiffs in the court below, allege as their cause of action that they are vendors in a contract for the purchase of a tract of land situated in Cass county; that the vendees who are named as defendants have made default in the terms and conditions of such contract, in that they have failed to turn over and deliver to plaintiffs one-half or any portion whatever of the crops which were in fact raised upon the land described in the contract during the year 1906; that, after giving defendants credit for any and all payments made upon said contract, there yet remains due and unpaid to the plaintiffs thereon the sum of $1,658.32, with interest thereon from November 1, 1905; and that by reason of the default alleged the plaintiffs have elected to declare said contract void.   The contract on which the action is based is attached as an exhibit to plaintiffs' complaint, and from an examination of its terms it appears that payment of the purchase price is to be made by delivery of one-half the grain raised each year at some convenient point near the land to the plaintiffs, who shall thereupon dispose of the same, and apply the sum realized from such sale first upon any interest then due and afterward in reduction of the principal sum. No other provision than this is made for payment.   Time is declared to be of the essence of the contract, and it is agreed that upon any failure of the defendants to perform any of the covenants and stipulations thereof the vendors shall have the right to declare a cancellation and forfeiture of the same after giving proper notice of their intention.   The prayer for relief of plaintiffs and appellants is that the defendants "within a time to be fixed by the court, comply with and perform the conditions of said contract, * * * and that, failing so to do, it be adjudged and decreed that said contract is forfeited and void;" that any claim, interest, or lien of the defendants be foreclosed and determined, and that plaintiffs be awarded immediate possession of the premises.   By their answer the defendants admit the execution of the contract; that it was in full force, and that during the season of 1906 there was a crop of grain raised upon the land, no portion of which was delivered to the plaintiffs; that there yet remains due and unpaid to the plaintiffs on said contract the sum of $1,658.32, with interest thereon from November 1, 1905; that defendants have been at all times ready, able and willing to pay the said sum, and bring the same into court and tender it to the plain-

tiffs. Defendants then alleged a counterclaim, in which the contract set out in plaintiffs' complaint is pleaded, with the further allegation that they have paid all taxes upon the land since the year 1901, the date of the execution of the contract, and have in every respect complied with its terms; that there is now due upon the contract the sum of $1,658.32, with interest thereon from the 1st day of November, 1905, at 8 per cent, which sum defendants have been at all times ready, able and willing to pay, and now bring into court and offer to the plaintiffs; that the value of the premises has become greatly enhanced since the making of the contract, and that any failure or refusal on the part of plaintiffs to perform the same would cause great damage to the defendants. They therefore pray that the complaint of the plaintiffs be dismissed, and that plaintiffs be required to convey the premises in question to the defendants by a good and sufficient deed of warranty, and that upon delivery of the same, but not before, the sum admitted to be due upon the contract and deposited in court by defendants be paid to plaintiffs.

After issue formed a trial was had before the district court and a considerable amount of evidence introduced by both parties. After the trial the district court decided the case favorably to the defendants, and made findings, among others, to the effect that crops of grain were grown on the land in the years 1906 and 1907, and that defendants had failed in either of these years to deliver to plaintiffs any portion whatever of the same, and that there is due and unpaid to the plaintiffs on said contract the sum of $1,658.32, with interest thereon from November 1. 1905, at the rate of 8 per cent per annum. It also found that this sum had been duly tendered by defendants to the plaintiffs as the amount due on the contract, and that plaintiffs had refused to accept the tender. Thereupon a judgment was entered that upon payment within five days of the sum of $1,658.32, with interest thereon from the 1st day of November, 1905, at the rate of 8 per cent per annum, together with the costs incurred by plaintiffs in the action up to and including May 20, 1907, the day of the tender, the plaintiffs should execute and deliver to defendants a good and sufficient deed of warranty to the land in question; and that, in the event of the failure or refusal of plaintiffs to deliver such deed, the judgment should operate as a conveyance to defendants of title to the premises in controversy. Plaintiffs then applied to the court to tax

costs in their favor, including a certain sum as attorney's fees under the provisions of section 7176, Rev. Codes 1905. The court taxed in their favor costs of the action to May 20, 1907, but refused to make any further allowance or to allow any costs whatever as an attorney's fee. To these orders plaintiffs excepted, and without preparing a statement of the case, or bringing to this court any of the evidence taken or other proceedings had upon the trial, appeal from the judgment, basing their specifications wholly upon errors which they claim appear from an inspection of the judgment roll.

In this court the points presented and relied upon by plaintiffs are: (1) That plaintiffs are entitled to the relief prayed for in their complaint, to-wit, a decree vacating and canceling the contract involved in the suit, unless within a reasonable time the defendants pay to the plaintiffs the value of one-half of the crops raised upon the land in the years 1906 and 1907. (2) That the court erred in entering a decree providing that upon payment of the total sum of $1,658.32, with interest, the plaintiffs should make to defendants a conveyance such as is provided for by the terms of the contract, as such relief could not be granted in any practicable view of the rights of the parties as presented by the issues. (3) That the court erred in refusing to tax in plaintiff's favor costs that accrued in the action subsequent to May 20th, 1907. (4) That the court erred in refusing to tax in plaintiffs' favor an attorney's fee as provided by section 7176, Rev. Codes 1905.

1. The principal grievance of appellants with reference to the provisions of the decree seems to be that it requires them to accept the entire amount still due upon the contract in one payment, and to thereupon execute a conveyance of the land. It is clear from the terms of the contract that plaintiffs cannot require defendants to pay at the end of any period of time any greater sum than would be realized from the sale of one-half the crops grown upon the land during that period. It is likewise apparent that defendants cannot compel the acceptance of a larger sum than is shown to be due in this manner, and that they cannot require the plaintiffs to make a conveyance until the entire sum is due, and they have paid or properly tendered it. It may be conceded that, even in an equitable action of the character of this, a court is unwarranted under any state of fact in wresting a contract from its reasonable construction and requiring of either party a per-

formance of conditions not reasonably within its terms. Plaintiffs contend that, under their complaint and the terms of the contract, no possible state of fact could warrant a decree with the provisions of that appealed from. But in a case where the evidence, as in this case, does not appear in the record on appeal, it will be presumed that it supported all material facts alleged in the complaint. Sandager v. N. P. Elev. Co., 2 N. D. 3, 48 N. W. 438. Further than this, in cases where no question as to the sufficiency of the evidence can be considered because the appeal is based upon the judgment roll only, it will be presumed that the findings of the court are fully supported by the evidence. Blackman v. Hot Springs, 14 S. D. 497, 85 N. W. 996. As heretofore noted, plaintiffs allege in their complaint "that, after giving defendants credit for any and all payments made upon said contract, there yet remains due and unpaid to the plaintiffs thereon the sum of $1,658.32, with interest thereon from November 1, 1905." They also allege that defendants have failed to make certain payments in an indeterminate amount which the contract shows are due. The relief they pray for is substantially that the defendants be required to "comply with and perform the conditions of said contract." Now, it is apparent that if from the facts shown by the evidence the amount due from defendants was equivalent to the sum of $1,658.32, with interest from November 1, 1905, that a compliance with the terms of the contract required the payment of this sum to plaintiffs, and, as the conditions of the contract are reciprocal, they would thereupon be required to execute a conveyance of the land. All presumptions unite to declare that this is the exact state of fact appearing on the trial, and, such being true, the relief accorded was not materially different from that prayed for in plaintiff's complaint.

2. We find, however, in the memoranda of the district court, an express statement that it "finds and decides favorably to the defendants." It appears, therefore, that in some at least of its material findings the court held adversely to the plaintiffs. Defendants in their answer not only denied all material allegations of plaintiffs' complaint except as to the execution of and the amount due on the contract, but also plead a counterclaim, which, under a certain state of fact, will sustain a decree such as was here rendered. Defendants' prayer for relief is substantially that plaintiffs be required to accept the amount due upon the contract,

which, it alleges, is the sum of $1,658.32, with interest from November 1, 1905, and thereupon to execute a conveyance of the land. That the balance of $1,658.32, with interest, was due at the time of issue, seems to be the material fact of all others concerning which there is an entire agreement between the parties. The findings of the court that there was such amount due has therefore ample and sufficient support in the admissions of the pleadings alone. There is, however, the additional consideration that the crops grown upon the land during the years 1906 and 1907 had not been delivered to the plaintiffs, and that a sum equivalent to the value represented by these crops was due upon the contract. The findings are silent as to the value of the crops, but in support of the findings and the decree it will be presumed that their value was at least the sum of $1,658.32. Therefore, upon the combined showing of the contract itself, the admissions of the pleadings, and the evidence, which it will be presumed was introduced upon the trial, there is the most abundant support for the decree entered by the court.

3. The costs in an action of this character may be allowed for or against either party in the discretion of the court. Rev. Codes 1905, section 7179. This discretion is, of course, one which must within certain limitations be soundly exercised. The court in this case in allowing costs evidently proceeded upon the theory that the plaintiffs were entitled to tax only such costs as had accrued at the time full performance was tendered by the defendants. In view of the facts presented by the record, we are unable to say that such action shows an abuse of discretion, and its order in this particular will not therefore be disturbed. Brown v. Skotland, 12 N. D. 445, 97 N. W. 543.

4. The costs allowed under the provisions of section 7176, Rev. Codes 1905, are applicable to "actions or proceedings for the foreclosure of a mortgage upon personal property or of a mortgage or other lien upon real property." Plaintiffs contend that the situation presented by this case is practically similar to the foreclosure of a mortgage, the parties standing in the relation of mortgagor and mortgagee; that, as the defendants seek and obtain relief upon the theory of redemption from a mortgage, they should be required to pay the costs that would be assessed against them in such a case. While it has been held that the relation of the parties to a contract of the character shown here is in equity prac-

tically that of mortgagor and mortgagee, a reasonable interpretation of section 7176, Rev. Codes 1905, inclines us to the belief that it was intended to apply, not to cases where the facts obtain through equitable construction, but where they exist as an undisputed fact. The allowance of costs, being entirely statutory, is strictly construed in accordance with the terms of the statute allowing it. In any event, the relief afforded defendants in this action does not seem to be in the nature of a right to redeem from a mortgage foreclosure, but rather as a permission to perform, after default, the terms of a contract. In other words, the court does not foreclose defendants' rights under the contract, but simply restores to them the right of full performance.

As the action of the district court in the particulars pointed out by plaintiff seems to be without prejudicial error, the judgment appealed from is affirmed. All concur.