GEO. P. HOMNES, Respondent, v. R. H. LYNCH, as County Auditor of the County of Divide and State of North Dakota, Appellant.

(179 N. W. 719.)

**Mandamus — to compel county auditor to place petitioner's name on general ballot as a candidate held proper.**

. The trial court awarded a writ of mandamus directing the defendant to print petitioner's name upon the general election ballot as a candidate for the office of state's attorney of Divide county in this state. On appeal to this court, the judgment is affirmed for reasons stated in the opinion.

Opinion filed November 5, 1920.

Appeal from the District Court of Divide County, *Leighton,* J.
Defendant appeals from a judgment in mandamus.
Affirmed.
*John E. Greene* and *D. C. Greenleaf,* for appellant.
No appearance for respondent.

PER CURIAM. This is an appeal from a judgment in mandamus. The petitioner was one of the two persons receiving the highest number of votes at the last primary election for the office of state's attorney of Divide county. He failed to file the itemized statement of his campaign expenses within the time prescribed by § 929, Compiled Laws. He did, however, file such statement on October 15th. At the time the statement was filed, the defendant, auditor, stated that he would not print petitioner's name upon the ballot to be voted at the coming general election. The petitioner thereupon applied to the district court for a writ of mandamus to compel the defendant to print petitioner's name upon the ballot. The court ordered the writ to issue. The defendant has appealed from that decision.

We have before us nothing but the pleadings and the papers in the judgment roll proper. Some of the averments of the return to the writ were denied by an answer thereto by the petitioner. So far as the record shows there may have been oral evidence adduced and the averments of the return, disproved. Every presumption is in favor of the judgment appealed from.

The statute (Comp. Laws, § 940) provides: "The name of a candidate chosen at a primary nominating election or otherwise shall not be printed on the official ballot for the ensuing election unless there has been filed by or on behalf of said candidate the statements of accounts and the expenses relating to nominations required by this article; *but delay in making such statement beyond the time prescribed shall not preclude its acceptance or prevent the insertion of the name on the ballot, if there is a reasonable time therefor after the receipt of such statements.*"

We have no means of knowing what proof was submitted to the trial court. That court was required to exercise its discretion and judgment, and say whether, under all the circumstances, there was a reasonable time in which the name of the petitioner might have been inserted on the ballot, so as to make it the duty of the defendant, auditor, to do so. Upon the record before us, we cannot say that the trial court was incorrect in deciding as it did.

Judgment affirmed. No costs will be allowed to either party.