J. D. HALSTEAD, Respondent v. MISSOURI SLOPE LAND & IN-VESTMENT COMPANY, a corporation, A. L. MARTIN and MARY J. McGILLIVRAY, Appellants.

(188 N. W. 163.)

**Appeal and error — appellant must show existence of error from the record itself.**

1. A party who asserts error on appeal must show the existence thereof clearly and affirmatively from the record itself.

**Appeal and error — presumption is indulged in favor of validity of trial court's action.**

2. All doubtful interpretation will be resolved in favor of the validity of the action of the trial court, and where, on any reasonable contingency in the state of the record, the decision below might have been valid such contingency will be presumed.

**Appeal and error — judgment consistent with opinion on former appeal not reversed, where under record parties may have agreed to submit the matter on record already made.**

3. In the instant case it is *held* that a judgment rendered, after the filing of the remittitur in the district court, upon a motion based on all proceedings formerly had in the action is not shown to be erroneous by the record presented on appeal.

**Interest — allowance of interest on annual installments held error.**

4. For reasons stated in the opinion it is *held* that the trial court erred in allowing interest on certain annual installments stipulated to be paid by the defendants under a written agreement in suit, and the judgment is modified by disallowing such items.

Opinion filed April 1, 1922.   Rehearing denied May 5, 1922.

From a judgment of the District court of Golden Valley county, *Pugh,* J., defendants appeal.

Affirmed.

*W. H. Stutsman* and *L. A. Simpson,* for appellants.

*H. L. Halliday,* for respondent.

PER CURIAM. This is an action to recover on a written agreement in the form of a bond, executed by the defendant Missouri Slope Land & Investment Company, as principal, and A. L. Martin and Mary J. McGillivray, as sureties. On the trial of the action, the defendants claimed that the written contract sued upon was void under § 5925, C. L. 1913, which provides:

"Every contract by which the amount of damages to be paid or other compensation to be made for a breach of an obligation is determined in anticipation thereof is to that extent void, except as expressly provided by the next section."

The district court sustained the contention of the defendants, and rendered judgment in favor of the defendants for dismissal of the action. The plaintiff appealed from that decision, and this court reversed the judgment entered by the trial court, and remanded the cause for further proceedings, not inconsistent with the opinion of this court. Halstead v. Missouri Slope Land & Investment Co. et al. (N. D.) 184 N. W. 284. In the opinion, this court pointed out the circumstances under which the agreement in suit was executed; and the contract, and the various statutory provisions involved were set forth in full. In the concluding paragraph of the opinion it is said:

"From the evidence, it appears that the bond in suit was drawn up as a result of a conference had between the parties and their respective attorneys. It was first suggested that the bond provide that the land company pay a reasonable rental value of the land, in event it was defeated, without naming the sum of such rental. Halstead objected to this, and wanted 'a stated sum' named. When, during the course of this trial, he was asked by his counsel if there was 'any discussion at that time what would be the reasonable value of the use of the premises.' Counsel for the defendant objected, on the grounds that this 'would tend to vary the terms of a written instrument,' and this objection was sustained. There is not the slightest evidence tending to show that the sum stated, viz.,

$500, was in excess of the reasonable rental value of the premises. There can be no question but that the owner of a tract of land has the right to contract with another with reference to the occupancy thereof, and to agree upon the rental to be paid for such occupancy. Nor is there any reason why two parties, asserting conflicting claims of ownership to a tract of land, may not contract, either with a third party or with one another, with regard to such occupancy and the rental to be paid, and leave the ownership of the rents contingent upon the adjudication of the right of ownership; that is, they may contract that a certain rental shall be paid to whoever is eventually determined to be the owner. And as we construe the contract, under the evidence before us in this case, that is precisely what the parties here did; that is, upon the record before us, we are of the opinion that the parties did not attempt to provide for a penalty, or for stipulated damages, but that they agreed upon the value of the 'use and occupancy' of the premises—that is, upon what would be a fair rental to be paid to the owner of the premises, when the question of ownership was determined." 184 N. W. 286.

Upon the filing of the remittitur in the district court, the plaintiff moved that judgment be entered in favor of the plaintiff and against the defendants, for the sum stipulated in the written agreement together with interest, namely, in the sum of $500 for each year that the defendants had occupied the premises, together with interest on such several sums. The motion came on for hearing, and the trial court granted the motion and ordered judgment accordingly, and the defendants have appealed from judgment. In the order for judgment it is said:

"The record in said case, having been duly remitted from said Supreme Court to this court, and a certified copy of said opinion of said Supreme Court and the remittitur herein having been filed in the office of the clerk of the district court of Golden Valley county, which ordered and adjudged that the judgment of the district court, herein appealed from, be reversed and this cause be remanded for further proceedings, not inconsistent with said opinion, on September 16, 1921; and due notice of such remittance having been given the attorney for the defendants; and the plaintiff having moved this court for judgment in favor of the plaintiff and against the defendants and each and all of them, in accordance with said opinion and remittitur from said Supreme Court, and due notice of said motion for such judgment having been given to the defendants; and said motion for such judgment having been heard before this court, by Hon. Thomas H. Pugh, judge of said district

court, at the chambers of said court, in the city of Dickinson, Stark county, North Dakota, on the 30th day of September, 1921, the plaintiff then appearing by his attorney, H. L. Halliday, in support of said motion, and the defendants appearing by their attorney, W. H. Stutsman, in opposition to said motion; and this court having considered and read said remittitur and opinion of said Supreme Court herein, and all the testimony and evidence offered at the trial of said cause in district court, and all the records and files in this case, and the arguments of counsel, and being fully advised in the premises: Now, therefore, in accordance with said opinion and remittitur and order of said Supreme Court, on motion of H. L. Halliday, attorney for the plaintiff, it is hereby ordered, that the plaintiff, J. D. Halstead, do have and recover judgment against the above-named defendants," etc.

No statement of the case was settled, and we have no means of knowing what transpired in the district court, except as appears from the recitals in the order for judgment. There is in the record, what is denominated a proposed amended answer, wherein it is alleged that the written instrument set forth in the complaint was executed for the purpose of securing to the plaintiff the payment of damages likely to be incurred by reason of the loss of rent and profits, or the reasonable value of the use and occupation of the land in question, not exceeding the sum of $500 for any one year for a period not to exceed 11 years, and that there was no intention to guarantee absolutely the payment of the sum of $500 per year as rent for said land or as liquidated damages for the use and occupation thereof. It is also alleged that the reasonable value of the use and occupation of said land, and the rents and profits thereof, do not exceed the sum of $200 per year during the term of years such land was in the possession of the defendant investment company.

On this appeal, the defendant asserts that the court erred in ignoring this answer, and in refusing to permit the defendants to set up and prove the facts therein alleged.

As already indicated, we have no means of knowing what transpired in the trial court, except as appears from the recitals in the order for judgment. It does not appear that permission was either obtained or requested to serve the amended answer, nor does it appear that any request was made for leave to introduce any further or additional testimony. So far as the record on this appeal shows, it is just as likely that the parties expressly or tacitly agreed to submit the matter to the court upon the record already made.

It is "elementary that the judgment comes before us with all presumptions in its favor.  And the appellant had the burden of showing error.  And he must present a record affirmatively showing such error.  2 Ency. Pl. & Pr. 423, 424; Erickson v. Wiper, 33 N. D. 193, 225, 157 N. W. 592. 'A mere suspicion or color of error is not sufficient, but every reasonable intendment establishing the regularity of the decision rendered must be removed, as all doubtful interpretations will be resolved in favor of the validity of the action of the trial court.'  2 Ency. Pl. & Pr. 425.  Where a material fact or circumstance essential to establish the error is omitted, the presumption on appeal is that it would have sustained the decision objected to, if included.  And where the record does not affirmatively show error, it will be presumed 'that every proceeding below, essential to its validity, was validly taken, and that every fact essential to its regularity was legally shown.  And where, on any contingency in the state of the record, the decision below might have been valid, such contingency will be so presumed.'  2 Ency. Pl. & Pr. 425, 428—433."  Raad v. Grant, 43 N. D. 546, 169 N. W. 588.

On the record before us here, we cannot say that the trial court erred in making the determination which it did; because, in the absence of further testimony, the plaintiff was, under our former decision, entitled to recover the amount stipulated in the contract, viz.: $500 per year, as and for rental, or payment for the use and occupation, of the premises.

The trial court, however, allowed judgment not only for this amount, but also allowed interest on the various annual installments.  In our opinion no such liability was assumed by the defendants under the agreement in suit.  In our opinion their liability was restricted to the total amount of the installments due, with interest from the date of the breach of the agreement.  The agreement was not broken until after the right of possession had been determined, and the right to the compensation agreed upon for the use and occupation had become fixed.  Stutsman County v. Dakota Trust Co. (N. D.) 181 N. W. 586.

It follows that the judgment must be modified, by disallowing the items allowed as interest on the various annual installments; and, as so modified, it is affirmed.  Neither party will recover costs on this appeal.


CHRISTIANSON, BIRDZELL, and BRONSON, JJ., concur.


GRACE, C. J., concurs in the result.

Robinson, J. (dissenting). I dissent on the ground that the judgment should be for the rental value of the land.