THE THOMPSON REALTY COMPANY, a Corporation, Respondent, v. WILLIAM F. MOWBRAY and Mary O. Mowbray, Appellants.

(214 N. W. 908.)

**Provisions of law.**

1. Where a real estate mortgage is given to secure the payment of money by instalments, each instalment mentioned in the mortgage is deemed a separate and independent mortgage, and the mortgage for each of such instalments may be foreclosed in the same manner and with like effect as if a separate mortgage was given for each instalment. Comp. Laws 1913, § 8078.

**Chattel mortgages — foreclosure of chattel mortgage for default on one instalment note.**

2. In the instant case a real estate mortgage and a chattel mortgage were executed by the defendants to the plaintiff to secure the payment of nine certain promissory notes, payable on the 1st day of January of nine successive years. There was default in payment of the instalments due January 1, 1925 and January 1, 1926. For reasons stated in the opinion, it is held that after both of such defaults had occurred, the plaintiff might foreclose the real estate mortgage for the instalment due January 1, 1925 only, and proceed to enforce the chattel mortgage to satisfy the instalment due January 1, 1926.

Annotation.—(1) On right to foreclose a mortgage for a part of the mortgage debt, see annotation in 37 L.R.A. 742; 19 R. C. L. 492.

**Chattel mortgages — grain covered by chattel mortgage — judgment held proper.**

> 3. For reasons stated in the opinion, it is held that the trial court did not err in rendering judgment in conformity with the averments of the amended complaint.

Opinion filed June 8, 1927. Rehearing denied August 23, 1927.

Chattel Mortgages, 11 C. J. § 326 p. 618 n. 20 New; § 489 p. 697 n. 12. Mortgages, 41 C. J. § 1023 p. 845 n. 85; § 1044 p. 856 n. 20.

From a judgment of the District Court of Ramsey County, *Buttz,* J., defendants appeal.

Affirmed.

*J. C. Adamson,* for appellants.

The advertisement of the sale should fully comply with the terms of the power and even a bare literal compliance is not enough. It must give with clearness all reasonable information about the proposed sale. 3 Jones, Mortg. § 1839.

Where the mortgage provides for the maturity of the whole on the default of any instalment, on such default, the mortgagee may proceed for foreclosure for the notes then due, according to their tenor; or may foreclose for the entire debt. Phillips v. Taylor, 96 Ala. 426.

*Kehoe & Verret,* for respondent.

The effect of a statute such as that quoted above is merely to secure to the holder or holders of instalment notes the right to foreclose the lien of the mortgage applicable to each note, by enabling such holder or holders to exercise the power of sale, and to give a right of redemption from any such sale in like manner as if the instalments represented successive mortgages. The section has no application whatsoever to the right of foreclosure for the entire amount of the mortgage lien. McCarthy v. Goodsman, 39 N. D. 389.

It is well settled in this state that in a case of this kind the theory adopted by the parties in the trial court cannot be departed from on appeal. Ugeland v. Farmers & M. Bank, 23 N. D. 536; Weigel v. Powers Elevator Co. 49 N. D. 867.

CHRISTIANSON, J. This is a contest wherein the plaintiff, claiming as mortgagee, seeks to recover from the defendant the possession of

certain grain grown during the year 1926 on certain lands in Ramsey county in this state. The case was tried to the court without a jury and resulted in judgment in favor of the plaintiff, and defendant appeals.

The material and undisputed facts are as follows: On January 2, 1924 the defendant, William F. Mowbray, purchased from the plaintiff a certain tract of land in Ramsey county in this state. As a part of the purchase price the said defendants, William F. Mowbray and Mary O. Mowbray, his wife, executed and delivered to the plaintiff nine certain promissory notes dated January 2, 1924. Each of the first eight of said promissory notes was in the sum of Five Hundred Dollars and payable respectively on or before January 1, 1925–26–27–28–29–30–31 and 32. The last note was in the sum of seven hundred dollars and payable January 1, 1933. All of said notes bore interest at the rate of 6 per cent per annum. The notes were secured by a real estate mortgage on the premises so purchased by the defendant Mowbray from the plaintiff and by a chattel mortgage upon the crops to be grown on said premises until the purchase price, evidenced by said notes, was fully paid. The mortgages were executed and delivered simultaneously. The chattel mortgage states that it "is given as and for security for the balance due mortgagee on the purchase price of the premises hereinbefore described until said purchase price mortgage is paid in full." The chattel mortgage also contains a stipulation authorizing foreclosure in case default is "made in the payment of said debt or either of said notes or any part thereof." The mortgage further provides: "Should default be made in the payment of said promissory note or notes or either of them or any part thereof, the whole of said debt shall become immediately due and payable, and said mortgagee . . . may commence action for the recovery of the whole of said debt, or proceed to foreclose this mortgage as above described in case of default upon maturity of the whole of the debt secured thereby."

The real estate mortgage contains an appropriate recital showing that it secures the payment of forty-seven hundred dollars, according to the conditions of the nine certain promissory notes above mentioned and described. The mortgage contains the usual covenants relating to insurance of the buildings, payment of taxes and prior liens and

claims against the premises by the mortgagor; and provides that in case of failure on the part of the mortgagors to insure the buildings or to pay taxes or prior claims, liens or encumbrances upon the premises, the mortgagee "may effect such insurance, and may pay such taxes or assessments, and may pay such claim, lien, encumbrance or interest thereon; and the sum or sums of money which may be so paid, with interest from the time of such payment . . . shall be deemed and are hereby declared to be a part of the debt secured by this mortgage, and immediately due and payable."

The mortgage further provides: "The said parties of the first part (mortgagors) do covenant and agree with the said party of the second part (mortgagee), its successors and assigns, to pay the said sum of money and interest as above specified; to pay, as a part of the debt hereby secured, in case of each or any foreclosure of this mortgage, all costs and expenses and statutory attorney's fees. . . . And the said parties of the first part (mortgagors) do further agree that, in case of default in the payment of any one of the instalments of principal or interest of said notes, or failure to pay off when due any prior claim or lien or interest on any such prior lien or claim, against said premises or any part thereof . . . then and in either or any such case, the said party of the second part, its successors and assigns, may elect, without notice to the parties of the first part, that the whole indebtedness hereby secured, or the taxes or assessments, claim, lien or prior encumbrances so paid, at the option of the party of the second part . . . shall immediately be due and payable, and may enforce payment thereof by foreclosure of this mortgage or otherwise, and that then, and in either or any such case, the said party of the second part, its successors and assigns are hereby authorized and empowered to sell the hereby granted premises at public auction . . . and out of the moneys arising from such sale to retain the principal of said notes and interest, together with all such sum and sums of money as they shall have paid for taxes and assessments, prior liens, encumbrances or insurance, with interest thereon as hereinbefore provided, and all other sum or sums as shall then be due or owing under the terms of this mortgage, together with all the legal costs and charges of such foreclosure, and also statutory attorney's fees, and pay the

surplus, if any, to said parties of the first part. This power shall not be discharged by its exercise in case of any default or violation as aforesaid, but shall be construed and held to be a continuous power that may be exercised as often as any violation or default shall occur."

Default occurred in payment of the note due January 1, 1925, and in payment of the note due January 1, 1926. There was further default in failing to pay interest on a prior mortgage, taxes and premium on an insurance policy; and on March 5, 1926 the plaintiff caused notice of intention to foreclose the mortgage to be served. Such notice recited: "Default having occurred in the terms and conditions of that certain mortgage executed on the 2d day of January, 1924, by William F. Mowbray and Mary O. Mowbray, his wife, as mortgagors, to The Thompson Realty Co. a corporation, mortgagee, of Cando, N. D., to secure the payment of the sum of $4,700 and interest, which mortgage is a lien upon the premises above described . . . by reason of the nonpayment of the instalment of said mortgage due and payable on the 1st day of January, 1925, and by reason of the further nonpayment of the taxes levied and assessed against the said premises in the year 1924, and which the undersigned was compelled to and did pay to protect its interest in the said premises and by reason of the further nonpayment of the interest accrued on a prior mortgage lien on the said premises and which the undersigned was compelled to and did pay on the 6th day of February, 1926, to protect its interest in the said premises and by reason of the further nonpayment of the premium on the fire insurance policy issued for and covering the buildings situated upon the premises above described and which premium the undersigned to protect its interest in the said premises was compelled to and did pay on the 5th day of February, 1926, and on account of which defaults the undersigned having elected to foreclose the mortgage hereinbefore described for the instalment thereof only due and payable on the 1st day of January, 1925, and the power of sale in said mortgage contained having become and remaining operative and the undersigned being under the terms of said mortgage authorized and empowered to foreclose the same for the instalment aforesaid, notice is hereby given that unless the following amounts to-wit:

| | |
|---|---:|
| Instalment of said mortgage due Jan. 1, 1025 .......... | $500.00 |
| Accrued interest thereon at 6% ...... ............... | 65.25 |
| Interest on prior mortgage paid Feb. 6, 1926 ........... | 299.67 |
| Accrued interest thereon at 10% ................ ..... | 2.50 |
| Insurance premium paid Feb. 5, 1926 ................. | 188.80 |
| Accrued interest thereon at 10% .................... | 1.55 |
| 1924 taxes on said premises paid Feb. 6, 1926 ........... | 162.90 |
| Accrued interest thereon at 10% .................... | 1.35 |

$1222.02

together with interest . . . are paid to the undersigned within thirty days from the date of this notice, proceedings will be commenced for the foreclosure of the said mortgage for the instalment thereof aforementioned."

Defendants failed to make payment, and notice of foreclosure sale was thereupon duly published. Such notice contained the usual recitals, describing the mortgage and the premises to be sold, etc. It further recited that such mortgage "will, on account of the nonpayment of the $500 instalment secured by the said mortgage and due on the 1st day of January, 1925, be foreclosed by a sale of the premises in such mortgage and hereinafter described at the front door of the court house in the city of Devils Lake, in the county of Ramsey and state of North Dakota, at the hour of 2 o'clock in the afternoon of the 17th day of May, 1926, to satisfy the amount due for such unpaid instalment only of such mortgages on the day of sale. . . . There will be due on such mortgage for said unpaid instalment only at the date of sale the sum of one thousand, two hundred forty and 55–100 dollars ($1,240.-55)."

The mortgage foreclosure sale was held at the time and place stated in the notice and the premises were bid in by the plaintiff for the amount stated in the notice of foreclosure sale, together with the costs and expenses of the sale. The usual certificate of foreclosure sale was issued to the plaintiff by the sheriff of Ramsey county.

The defendants produced a crop on the premises in question in 1926, and on August 28, 1926, plaintiff instituted this action in claim and delivery to obtain possession of the grain so produced, basing its claim

55 N. Dak.—47.

upon the chattel mortgage and the alleged default existing in the conditions of that mortgage by reason of the nonpayment of the five hundred dollar note which became due January 1, 1926. In an amended complaint the plaintiff alleges an election to declare all the notes secured by the mortgage due and payable. The defendants, in their answer, admitted the execution and delivery of the notes and of the chattel mortgage and real estate mortgage and allege "that said real estate mortgage has, by its foreclosure, merged into a sheriff's certificate of sale and said chattel mortgage is released thereby." The answer further alleges that the plaintiff, by virtue of the claim and delivery proceedings in this action, took possession of crops belonging to the defendant and damages are asked for such taking.

The contentions on the part of the appellants are:

1. That the foreclosure of the real estate mortgage. operated to pay and discharge, not only the note which became due January 1, 1925, but the note which became due January 1, 1926, and that, consequently, there was no default in the chattel mortgage; and

2. That, in any event, plaintiff's recovery should be limited to the right to enforce payment of the five hundred dollar note due January 1, 1926.

These contentions will be considered in the order stated.

(1) Appellants contend that by the terms of the real estate mortgage the plaintiff was vested with authority only to foreclose the same for all sums due thereon at the time of the foreclosure; that inasmuch as both the instalment payable January 1, 1925, and the instalment payable January 1, 1926 were past due at the time of the foreclosure, the plaintiff· was required by the terms of the mortgage to foreclose for both of these instalments. They further contend that inasmuch as the notice of foreclosure sale makes no reference to the fact that part of the amount declared due consisted of moneys paid for interest upon a prior mortgage and taxes against the premises, that the mortgagors were justified in believing that the mortgage was being foreclosed for the two instalments due upon the mortgage. In our opinion, these contentions are not well taken. By the express terms of the mortgage the plaintiff was authorized to foreclose for any instalment. In the eyes of the law each instalment· must be considered a separate mortgage. Comp. Laws 1913, § 8078; Borden v. McNamara, 20 N.

D. 225, 127 N. W. 104, Ann. Cas. 1212C, 841. The notice of sale contained all the essentials prescribed by § 8080, Comp. Laws 1913, relating to the form of notice of foreclosure sale. It specifically stated that the mortgage would be foreclosed to satisfy *only* the amount due upon the instalment which became due January 1, 1925. But even though appellant's contention to the effect that the amount expended in payment of interest on a prior mortgage and for taxes and insurance premium should be eliminated from the foreclosure proceeding were upheld, the result contended for by the appellants would not follow. In such case, it is true, there would be a surplus arising upon the sale over the amount due on the instalment payable January 1, 1925·; but, by the express terms of the mortgage there would be an indebtedness owing to the plaintiff from the defendants for the amount paid by the plaintiff for interest on the prior mortgage, and taxes and insurance premium, and such indebtedness would be secured by the mortgage and the plaintiff would have the right to apply the surplus arising on the sale in payment of the indebtedness so owing to it.

The contention that the chattel mortgage became merged in the certificate of real estate foreclosure sale and as a result the chattel mortgage became discharged is obviously without merit. The mortgages were taken to secure an indebtedness. The indebtedness was the principal obligation, and the mortgages mere incidents thereto. One mortgage would not be affected by proceedings had upon the other except in so far as such proceedings might result in payment or discharge of the indebtedness. As long as the debt ·or any part thereof remained in force, the plaintiff might, upon default, proceed to foreclose either or both of the mortgages. The foreclosure of one would not destroy the right to foreclose the other. ·

(2) Defendant's second contention is predicated upon the fact that the original complaint merely declared default to exist in the payment of the five hundred dollar note due January 1, 1925; and that there was no averment of an election to declare the whole sum, secured by the mortgage, due. It is difficult to see how this point can, in any way, affect the result in the case. This is a possessory action, instituted by the plaintiff for the purpose of obtaining possession of certain property covered by a chattel mortgage to which it claims to be entitled because of default in the conditions of the mortgage. It is

entitled to this possession whether or not it elects to declare the whole sum secured by the mortgage. But, in any event, defendant's contention is untenable for another reason. The record shows that the case was tried upon the issues framed by an amended complaint, defendant's answer and counterclaim, and a reply to the counterclaim. And the amended complaint contains a specific averment that plaintiff has elected to declare the whole sum secured by the mortgage due and payable. It is suggested by the appellants that it was error to permit this amended complaint to be filed; but the record before us does not warrant any such inference. It is elementary that the appellant has the burden of establishing error and, to sustain that burden, must present a record affirmatively showing it. Erickson v. Wiper, 33 N. D. 193, 222, 157 N. W. 592. In the instant case no statement of case has been settled and the appeal comes before us on the judgment roll alone. The findings of fact refer to a stipulation of facts; and the record certified and transmitted to this court contains such stipulation. That stipulation, among others, contains the following provision: "The amended complaint is hereby allowed as of November 22, 1926, and reply interposed to defendant's counterclaim, and the original answer and counterclaim shall stand as opposed to the amended complaint." The findings of fact and order for judgment also contain a recital that "on the 22d day of November, 1926, the plaintiff, pursuant to stipulation therefor, filed its amended complaint in said action." Upon this record there is, we think, no basis whatever for the contention that a judgment rendered conformably to the averments of the amended complaint is outside of the issues involved in the case. What has been said above disposes of the controlling questions presented. Finding nothing to justify either a reversal or modification, the judgment appealed from is affirmed.

BIRDZELL, Ch. J., and BURKE, BURR, and NUESSLE, JJ., concur.