J. W. KACZOR, Appellant, v. R. E. SWENDSEID, Forrest Rice, George Rogers, S. A. Olsness, and State Bonding Fund of the State of North Dakota, Respondents.

(215 N. W. 271.)

**Venue — granting application for change of venue rests in the sound discretion of court.**

An application for a change of venue on the ground that the applicant cannot have a fair trial in the county in which the action is then pending, is addressed to the judicial discretion of the trial court, and its decision will not be disturbed by an appellate court unless the record presented on the appeal shows that the trial court abused its discretion. In the instant case it is *held* that no abuse of discretion has been shown.

Opinion filed September 27, 1927.

Appeal and Error, 4 C. J. § 2662 p. 732 n. 85, 86; § 2673 p. 741 n. 20; § 2776 p. 807 n. 19; p. 808 n. 23.   Venue, 40 Cyc. p. 135 n. 24; p. 164 n. 54; p. 183 n. 54; p. 184 n. 60.

Appeal from the District Court of Mountrail County, *Lowe,* J. Affirmed.

*Paul Campbell,* for appellant. .

*F. F. Wyckoff,* for respondents.

CHRISTIANSON, J. Plaintiff brought this action to recover damages for false arrest and for injuries claimed to have been sustained as a result of an alleged unlawful entry and search of plaintiff's home by the defendants, Swendseid, Rice and Rogers. The sole question presented for review is whether the trial court erred in denying two applications made by the plaintiff for a change of venue. The first application, made in October, 1923, was presented to and decided by the Hon. George H. Moellring, one of the judges of the Fifth Judicial District. The second application made in June, 1925, was presented to and decided by the Hon. John C. Lowe, the other judge of said fifth judicial district. The first application was based solely upon the affidavit of plaintiff's attorney, wherein it is stated:

"That the defendant R. E. Swendseid is the state's attorney of said county with a large and extensive acquaintance in and about said county and among the jurors and as affiant is informed and believes a large number of friends, associates and close political allies and workers; and that defendant Forrest Rice is a former sheriff of said county, and George Rogers is a former deputy sheriff in said county, each of them with large and extensive acquaintance among the people of said county and the persons who are likely to be called as jurors and as affiant is informed and verily believes, a large number of close friends, associates and political friends and workers; that the plaintiff is a man of limited acquaintance in said county; that heretofore arising out of the facts and circumstances involved in these proceedings, there have been had considerable proceedings and actions of a more or less public nature; that there have been criminal proceedings and actions had and taken in said matters and against this plaintiff; and there had been an action brought in said court and tried in said county and said court involving largely the same facts that are involved in these two actions wherein the wife of this plaintiff was the plaintiff and the above-named defendants were defendants, and that said action and the trial thereof was fought hard and bitterly and

became and was of considerable notoriety and that an exceeding and large amount of publicity was given thereto as well as the said criminal proceedings and of the facts or purported facts involved therein; that as affiant is informed and verily believes and therefore states the fact to be by reason of the aforesaid publicity, a large and material portion of the jurors, if not all of the jurors in said county, have heard of said actions and proceedings and have heard as to what purported to be the facts and claims of the parties with reference thereto and have formed opinions with reference thereto; that by reason of the aforementioned criminal proceedings commenced against plaintiff by the said defendants, plaintiff has been prejudiced in the minds of those having knowledge thereof without regard to the guilt or innocence of said plaintiff or the final disposition and outcome of said proceeding; that by reason of the aforementioned matters and things affiant says there is reason to believe and this affiant does believe that an impartial trial of said actions cannot be had in Mountrail county, North Dakota."

The second application was based upon the affidavit of the plaintiff, Kaczor, setting forth substantially the same facts as those stated in the foregoing affidavit of his attorney, and further stating, "that heretofore there was brought and tried in the above court an action by this plaintiff's wife, arising out of the same state of facts and circumstances in which she sought to recover damages accruing to her personally, which said action was tried before a jury; that the said defendants and particularly the defendant, R. E. Swendseid, state's attorney, have caused and procured the arrest of this plaintiff at least twice on charges of burglary and grand larceny and charges of a similar nature and character, in which plaintiff has been discharged or admitted to bail on his own recognizance and that the facts of said charges and said arrests have been given large and considerable publicity; that same has been published in the Plaza Pioneer, The Mountrail County Promoter, The Stanley Sun, and other papers published and circulated in said Mountrail county, to the manifest prejudice, injury and damage of this plaintiff and his reputation as among the persons likely to be called to serve as jurors in the above entitled action; and that the fact of the trial of the action aforesaid brought and prosecuted in the above county by plaintiff's wife, together with the claims and conten-

tions of the respective parties thereto, and the adverse decision of the jury sitting upon the trial of said action, has been given large publicity and has been published in the aforementioned papers."

And that by reason of the publicity given to all of said matters throughout the county "and among the parties available for jury duty . . . a large number of persons in the county available for jury duty have heard of the said action and formed opinions with reference thereto, and have heard of this plaintiff in a manner and form discouraging and damaging to the character and reputation of the plaintiff."

"That doctors Erenfeld and Jackman are necessary and material witnesses in the above-entitled action in behalf of plaintiff, they being the doctors and physicians who examined and treated plaintiff's wife and are familiar with her condition and the nature and extent of her injuries; that doctors Erenfeld and Jackman reside in Minot, Ward county, North Dakota, and will there be readily and promptly available as witnesses in said action and that the procuring of their presence and testimony at Stanley, or elsewhere than Minot, will be a difficult and expensive matter for this plaintiff."

Some procedural questions have been raised by the appellant which we find it unnecessary to determine, for we are wholly agreed that no error was committed by the trial court in denying the two applications for a change of venue. Such applications are necessarily addressed to the discretion of the trial court; and it follows that that court's ruling will not be disturbed unless the discretion has been abused. Booren v. McWilliams, 33 N. D. 339, 157 N. W. 117; State v. Kaczor, ante, 511, 214 N. W. 800.

The presumption is that the trial court's ruling was correct and that its discretion was properly exercised. The appellant has the burden of overcoming this presumption and establishing that the trial court abused its discretion. In other words, the appellant has the burden of presenting to this court a record showing that the decision of the trial court was clearly wrong. In this case no statement of case has been settled. The showing of the appellant consists alone of the affidavits already alluded too. We have no means of knowing what occurred at the trial which was had in June, 1926,—more than one year after the second application for a change of venue was made and

denied. There is nothing to show that a fair and impartial jury was not obtained. We are wholly agreed that upon the record presented upon this appeal it cannot be said that any error was committed by the trial court in denying plaintiff's applications for a change of venue.

The order appealed from is affirmed.

BIRDZELL, Ch. J., and NUESSLE, BURKE, and BURR, JJ., concur.