[File No. 6222.]

FARMERS EDUCATIONAL AND CO-OPERATIVE UNION ELEVATOR COMPANY, a Corporation, Respondent, v. MRS. GEORGE L. IRONS, Appellant,

and

FARMERS EDUCATIONAL AND CO-OPERATIVE UNION ELEVATOR COMPANY, a Corporation, Respondent, v. MRS. MAE IRONS, Appellant,

and

FARMERS EDUCATIONAL AND · CO-OPERATIVE UNION ELEVATOR COMPANY, a Corporation, Respondent, v. MRS. GEORGE L. IRONS, Appellant.

(252 N. W. 380.)

Opinion filed January 15, 1934.

F. E. McCurdy, for appellant.
Alvin C. Strutz, for respondent.

Moellring, J.   Plaintiff has three actions against the defendant. By stipulation of the parties the actions were consolidated and tried to the court without a jury.   The trial court made findings and conclusions in favor of the plaintiff, and judgment was entered thereon.

Defendant appeals from the whole judgment, and requests trial anew in this court.   She assigns fourteen specifications of error.   However, we are limited in our review, as defendant has not presented a statement of the case.

The judgment roll is before us, and, purporting to be a part of the record, are certain exhibits, consisting of an alleged lease contract, statement of account, books of account, and a large number of daily sales slips.   The record indicates that witnesses testified, but there is no transcript of the testimony.

This court held, on several occasions, that the scope of review is dependent upon the record presented, and, where the judgment roll alone constitutes the record, error appearing upon the face of the judgment roll, only, can be reviewed.   Davis v. Jacobson, 13 N. D. 430, 101 N. W. 314; State v. Scholfield, 13 N. D. 664, 102 N. W. 878; Schomberg v. Long, 15 N. D. 506, 108 N. W. 332; Erickson v. Wiper, 33 N. D. 193, 157 N. W. 592; Parsons v. Rowell, 42 N. D. 441, 173 N. W. 761; Thompson Realty Co. v. Mowbray, 55 N. D. 732, 214 N. W. 908; Kaczor v. Swendseid, 55 N. D. 770, 215 N. W. 271.

The first action involves the foreclosure of a chattel mortgage against the defendant, which mortgage, the complaint states, was given by defendant to plaintiff to secure a promissory note in the sum of $910.53, with interest.   The complaint alleges that certain payments were made thereon, for which credit is given, leaving a remainder due and unpaid. Plaintiff asks that the mortgage be foreclosed, the proceeds from the sale of the chattels applied on the debt, costs and disbursements, and for a deficiency judgment.

Defendant's answer admits the execution and delivery of the note

and mortgage, sets up matters in avoidance, and specifically denies the existence of the debt. The answer also demands affirmative relief in the form of a counterclaim, alleges that mutual accounts exist between the plaintiff and the defendant, and that there is a difference or balance, in favor of the defendant, in the sum of $686.06. Plaintiff's reply denies the counterclaim.

The second action is for an accounting between the plaintiff and the defendant, and also for injunctional relief pending determination of the action. The defendant's answer is in the form of a denial, and also challenges plaintiff's right to injunctional relief.

The third action seeks the cancellation of a certain lease contract existing between plaintiff and defendant, on the alleged grounds that the defendant has failed and refused to perform in accordance with the terms of the contract, and that the contract provides for re-entry upon violation of its provisions. Defendant's answer admits the execution and delivery of the contract, and alleges performance thereunder by defendant, but specifically denies that any defaults exist. The answer also sets up a counterclaim against the plaintiff, for damages, in the sum of $5,000, for alleged malicious prosecution of civil suits against the defendant. Plaintiff's reply denies the allegations of the counterclaim.

While the actions are separate and distinct, they appear to grow out of certain transactions between the plaintiff and the defendant with reference to the contract mentioned, whereby plaintiff leased certain premises to the defendant, on which was erected, and conducted, a gas and oil distributing station, and also for advances made by the plaintiff to the defendant, with reference to the business of the station.

Counsel for the appellant in his brief states, "While there are three lawsuits in this action, there are only two real issues. One issue is, how much money is due from one to the other, and the other issue is, should the lease be cancelled or not?"

The trial court's findings are quite complete, and do not materially depart from the issues framed in the pleadings. The only assignments of error that we can consider, in view of the state of the record, are such assignments that challenge the conclusions the trial court has drawn from the facts found, and the judgment entered thereon.

Briefly, the court found, in substance, that on or about May 15,.

1930, the defendant made, executed and delivered to plaintiff, for a valuable consideration, a certain promissory note in the sum of $910.53, drawing interest at 9 per cent from date; that at the same time, the defendant executed and delivered a chattel mortgage to secure the said indebtedness, the chattel mortgage covering a certain building known as the "Irons Service Station," together with certain trade fixtures, which are described in the findings, and located on the same premises. It was found that there was due and owing plaintiff by defendant, under said note and mortgage, the sum of $452.50, on August 6, 1931, the date of trial.

The court also found that on or about March 14, 1927, plaintiff and defendant entered into a written lease contract covering Auditor's Lot 28 of the Village of Tuttle—which lease is set out in full in the findings—and that on this lot, pursuant to the lease, defendant erected, and conducted, a gas and oil distributing station; and that the lease provides a consideration of $10 per year as rental. Further findings are to the effect that, under the terms of the lease, defendant agreed to purchase from plaintiff all of the gas and oils she would use as needed in her business as a retail distributor; that she failed to perform this part of the agreement but that much of the gas and oils, used in the business, she purchased from competitors of the plaintiff; and that she also erected and conducted another distributing station just across the street from the premises involved, and bought gas and oils from plaintiff's competitors, to the exclusion of plaintiff.

It is found, also, that the real consideration for the lease agreement is, that defendant should purchase gas and oils from the plaintiff as needed in defendant's said distributing business, the plaintiff being a wholesale dealer, with profit, and defendant being engaged in the business of retailing; and that one of the stipulations in the lease is to the effect that, in case defendant fails to perform in accordance with the terms of the contract, plaintiff can re-enter the premises.

As conclusions of law, the court found that plaintiff is entitled to a judgment and decree for cancellation of the lease contract; also, that plaintiff is entitled to a judgment against defendant in the sum of $452.50, and costs and disbursements, by virtue of the note and chattel mortgage mentioned; that the chattels be sold in the usual manner of foreclosure sales and the proceeds applied, first, to payment of costs

and expenses of sale; second, to the taxable costs of the action, and, third, that the remainder be applied on the debt; and if there be a deficiency, that plaintiff have judgment accordingly.

The conclusions also provide, in case defendant shall pay the amounts due on the mortgage, or, in case of redemption in event of sale, that defendant be permitted possession of the property for a period of thirty days thereafter, to enable defendant to remove from the premises the said chattels (the building and the trade fixtures). The judgment entered is in accordance with the findings and conclusions.

Counsel for the defendant, in his brief, states:

"The statement of facts in this case are a little difficult to set out because of a lack of the settled statement of the case. Nevertheless, the facts are that all of the specifications of error and all the differences in this litigation may be combined under two heads, namely, the amount, if any, due and whether or not the lease was rightly cancelled.

"As to the amount due there is a statement of account, one of the exhibits, which sets out the amount due based upon the note. The court in its findings has set out that this amount was determined by taking the note as the correct amount. The court further set out in its findings of fact that there was a time when the plaintiff charged the defendant a greater price for gas than that at which it could be bought from other wholesalers. The statement of account sets out the note so that the question on that point is whether or not the court erred in refusing to make the adjustment to the defendant because of the exorbitant prices charged for gas during a certain period or not. This amount is easily determined by one of the exhibits prepared by an accountant and concerning which there is no dispute.

"The other issue is whether or not the lease should be cancelled. The lease is set out in the findings of fact. The court sets out in its findings of fact that it permitted evidence to be offered over objection that there were other considerations not set out in the lease for making of the same and that in effect the other consideration was that the defendant was not to enter into a competitive business. The fact is that the defendant did not enter into a competitive business, but that her husband was working with her in this business and the husband entered into a competitive business across the highway from this business and the husband worked in both businesses and had the home in

which the defendant lived located on the premises where he had his business."

The position of defendant's counsel, as indicated in the foregoing statement, is not tenable. We are precluded from determining whether or not the trial court erred in any of the matters that counsel urges as facts erroneously found, or as erroneous rulings or conclusions, for the reason that the evidence in the case is not before us. It is true, certain purported exhibits have been returned as part of the record, and are identified by the certificate of the trial court. Apparently, they are but fragments of the evidence, and, standing alone, are mere characters or symbols whose inner meaning, if any, in relation to this case, we are unable to discover; and, since they are not incorporated in a settled statement of the case, we cannot consider them on this appeal.

Defendant claims that the trial court did not give full weight to the effect or value of a certain purported exhibit, a statement of account alleged to be prepared by an expert accountant; and that the court also erred in admitting parol evidence as proof of additional considerations. We are aware, however, that the prepared statement of an expert may be erroneous, that there are exceptions to the parol evidence rule, and that considerations, in addition to those stipulated in a written instrument, are sometimes regularly proven. Whether or not evidence of such character should be received by a trial court, and considered by him in his determinations, may depend upon the state of the record, whether timely objections were made, issues abandoned or modified, or facts stipulated or conceded. The original aspects of a lawsuit may change quite materially during the course of trial, even presenting new issues or matters not reviewable in the appellate court on the judgment roll only. Raad v. Grant, 43 N. D. 546, 169 N. W. 588. We are unable to ascertain what transpired in the instant case, except such as we glean from the findings themselves.

Here we have a court of general jurisdiction which, after trial, has made findings, with conclusions that are fully warranted by the facts found, and judgment entered that conforms therewith. In the circumstances disclosed, we must conclusively presume that the findings of the trial court are firmly based upon sufficient facts in the evidence. Such has been the uniform holdings of this court in similar cases. Gress v. Evans, 1 Dak. 387 (371), 46 N. W. 1132; Sandager v. Nor-

thern P. Elevator Co. 2 N. D. 3, 48 N. W. 438; Whitney v. Akin, 19 N. D. 638, 125 N. W. 470; Raad v. Grant, 43 N. D. 546, 169 N. W. 588; Homnes v. Lynch, 46 N. D. 580, 179 N. W. 719; Halstead v. Missouri Slope Land & Invest. Co. 48 N. D. 1001, 188 N. W. 163; Brissman v. Thistlethwaite, 49 N. D. 417, 192 N. W. 85.

The judgment of the trial court is affirmed.

BURR, Ch. J., and CHRISTIANSON, NUESSLE and BURKE, JJ., concur.