HERMAN G. BRISSMAN, Respondent, v. R. H. THISTLE-THWAITE, Appellant.

(192 N. W. 85.)

**Criminal law — appellant has burden to show affirmatively prejudicial error by record; appellant held not to have sustained burden of showing prejudicial error in record.**

The appellant in a certiorari proceeding has the burden of showing prejudicial error, affirmatively, by the record. For reasons stated in the opinion it is *held* that the appellant here has failed to do so.

Opinion filed November 23, 1922. Rehearing denied December 30, 1922.

Criminal Law, 17 C. J. § 3601, p. 274, n. 18.

Appeal from the District Court of Burleigh County, *Nuessle, J.* Affirmed.

*Theodore Koffel, Joseph Coghlan,* and *J. K. Murray,* for appellant.

A justice of the peace has power to determine whether or not a criminal action brought before him shall be dismissed, and is not bound to obey

the order of the district attorney for such dismissal. Re Voss, 11 N. D. 540, 90 N. W. 15.

This case was cited in State ex rel. Clyde v. Lauder, 11 N. D. 136, 90 N. W. 564, holding a wilful refusal by a state's attorney to file an information and prosecute a criminal action where a defendant was held by a justice of the peace to answer in district court for a public offense would constitute a misdemeanor and render him liable to prosecution for professional misconduct; and the court actually disbarred him.

In Michigan it was held that a prosecuting attorney has no right at his own discretion, to stop criminal proceedings instituted before a justice of the peace, or direct the sheriff not to execute a valid warrant of arrest in his hands for execution. Judge Cooley, one of the most eminent constitutional lawyers of this country, wrote the opinion. Beecher v. Anderson, 8 N. W. 539.

In another case it was held that it was not necessary that the prosecuting attorney should have authorized the prosecution, or that the complaining witness should have given security for costs. People v. Griswold, 31 N. W. 809; State v. Yakey, 85 Pac. 990.

*O'Hare & Cox,* for respondent.


PER CURIAM. This is an appeal from an order of the district court of Burleigh county reviewing and setting aside proceedings had before a justice of the peace in a certain criminal action. The controlling facts are as follows: A criminal complaint was made before a justice of the peace, the charging part of which was as follows: "That at said time and place the said defendant did wilfully, wrongfully, and unlawfully assume the title of a certified public accountant of this state and, by misrepresenting himself as such, made and submitted to the board of auditors and senate and house of representatives of the state of North Dakota a certain audit of the books and records of the Bank of North Dakota, he, the said Herman G. Brissman, not having received a certificate as a certified public accountant, contrary to the statute in such case made and provided and against the peace and dignity of the state of North Dakota." A warrant of arrest was issued upon such complaint and Brissman was arrested. When the matter came on for hearing in the justice's court objection was made by the defendant in such criminal action to the jurisdiction of the justice on the ground that the complaint

had not been approved by the state's attorney as required by law, and that it did not appear from statements in the complaint or other written evidence submitted to the magistrate that the defendant was liable to escape from the county before the approval of the state's attorney could be had. The objection was overruled. Thereafter Brissman made application to the district court for a writ of certiorari to review the action of the justice. The district court issued an order to show cause why the relief prayed for should not be granted and stayed proceedings pending such hearing. On the return day the justice of the peace appeared and filed a demurrer and a return to the petition. The demurrer was based on the grounds that the district court had no jurisdiction of the person or subject-matter; that the plaintiff had no legal capacity to sue; that there was a defect of parties plaintiff; and that the petition failed to set forth sufficient facts to constitute a cause of action or to authorize the issuance of a writ of certiorari or injunctional order. The demurrer was overruled. The matter in issue upon the return was thereupon submitted, and the district court having determined that a writ of certiorari should issue directing the said justice of the peace to certify to said district court for review all proceedings had in said alleged criminal action, said justice of the peace through his counsel in open court specifically waived the issuance of the writ, and informed the court that he had no further defense to offer, and submitted the entire matter in issue to said district court at said time and place. In the return of the justice, it is admitted that the warrant of arrest was issued without the approval of the state's attorney, and upon the hearing the petitioner Brissman submitted the affidavit of the state's attorney showing that a criminal complaint submitted by the same complaining witness who presented the complaint under consideration here was submitted to him for investigation and approval; that he conferred with the attorney general of the state with regard to the matter and after such conference and full investigation indorsed upon the complaint his disapproval in writing for the reason that said complaint did not state facts constituting a crime under the laws of this state. The affidavit further shows that the state's attorney was not absent at the time the warrant of arrest under consideration here was issued. It will be noted that the act charged in the alleged criminal complaint is that Brissman practised as an accountant, and assumed the title of a certified public

accountant, in this state without having received a certificate as certified public accountant from the board of accountancy. The laws of this state provide for the appointment of a board of accountancy to examine and license public accountants. Comp. Laws, 1913, §§ 549–557. This statute, however, does not purport to create a crime or to impose any penalty or punishment whatsoever upon anyone who practises accountancy without having been so licensed. "A crime or public offense is an act committed or omitted in violation of a law forbidding or commanding it, and to which is annexed upon conviction a punishment or penalty. " Comp. Laws, 1913, § 9195. Inasmuch as the statute relating to accountancy does not either declare that it is a crime for one to practise or prescribe any punishment or penalty whatever upon one who practises, as an accountant without having received a certificate from the board of accountancy, manifestly no punishment can be prescribed by the courts. Hence, it is obvious that the alleged criminal complaint did not charge a crime at all.

It is contended, however, on this appeal that the action of the justice of the peace is not reviewable on certiorari, and that the district court erred in granting such writ. In this state "a writ of certiorari may be granted by the supreme and district courts, when inferior courts, officers, boards, or tribunals have exceeded their jurisdiction and there is no appeal, nor in the judgment of the court any other plain, speedy, or adequate remedy, and also when in the judgment of the court it is deemed necessary to prevent miscarriage of justice." Laws 1919, chap. 76. "The review upon this writ cannot be extended further than to the determination whether the inferior court, tribunal, board, or officer has regularly pursued the authority of such inferior court, tribunal, board, or officer." Comp. Laws, 1913, § 8453. The court may "in its discretion permit either party to produce affidavits or other written proofs relative to any alleged error of fact or any other question of fact, which is essential to the jurisdiction of the body or officer to make the determination to be reviewed, when the facts in relation thereto are not sufficiently stated in the return and the court is satisfied that they cannot be made to appear by means of an order for a further return." Comp. Laws, 1913, § 8451.

The district court is vested with original jurisdiction of all causes both at law and equity, except as otherwise expressly provided in the

Constitution, and with such appellate jurisdiction as the legislature confers upon it. N. D. Const. § 103. Under the provisions of the statute the district court of Burleigh county, and it alone, has appellate jurisdiction in civil and criminal actions tried before a justice of the peace of that county. Comp. Laws, 1913, §§ 9163–9174. That court, and that alone, has jurisdiction to try criminal causes, except those minor offenses where a justice of the peace or police magistrate has jurisdiction to try and determine, originating in said county. And in all cases where a preliminary examination is conducted before a justice of the peace sitting as a committing magistrate, for criminal offenses committed or alleged to have been committed within said Burleigh county the magistrate must immediately return all papers and proceedings in the action to that court. Comp. Laws, 1913, § 10,624. If in this case the hearing had proceeded and the justice of the peace had made an order holding the defendant to answer, it would have been the duty of the justice of the peace to have made a return, and transmitted all the papers in the case, to the district court. And it is clear, under the undisputed facts here, that if such order had been made the defendant in such alleged criminal action would have been entitled to be released upon habeas corpus. Comp. Laws, 1913, § 11,373. The district court would have had jurisdiction to issue the writ. And upon application for such writ it would, under the undisputed facts in this case, have been its unquestioned duty to do so.

The ordinary presumptions on appeal are applicable on appeal from a judgment in a certiorari proceeding. 11 C. J. 221. The appellate court will only consider the errors which are urged before it and specifically pointed out and the review is confined to matters or objections urged below. 11 C. J. 221. It is a well-settled rule of general application that "an appellate court will indulge all reasonable presumptions in favor of the correctness of the judgment, order, or decree from which the appeal is taken. In other words it will be presumed on appeal, in the absence of a contrary showing, that the trial court acted correctly and did not err. Indeed error is never presumed on appeal, but must be affirmatively shown by the record; and the burden of so showing it is on the party alleging it, or as sometimes stated, the burden of showing error affirmatively is upon the appellant or plaintiff in error." 4 C. J. 731–733. See, also Erickson v. Wiper, 33 N. D. 193, 222, 157

N. W. 592. And on an "incomplete record, the appellate court will presume any conceivable state of facts within the scope of the pleadings and not inconsistent with the record which will sustain and support the ruling or decision complained of; but it will not, for the purpose of finding reversible error, presume the existence of facts as to which the record is silent." 4 C. J. 736. To support and sustain the order or judgment appealed from the appellate court will, where there is some basis in the record therefor, indulge in the presumption that a certain ground of defense was abandoned. 4 C. J. 738. In the case before us no statement of the case has been settled and we have no means of knowing what took place in the district court except as appears from the recitals in the order appealed from. According to the recitals therein the respondent, after the demurrer was overruled, and after the trial court had indicated its views with respect to the issue presented by the return, in open court stated that he waived the issuance of a writ of certiorari and further stated that he had no defense to offer and "submitted the entire matter in issue to said court at said time and place."

When the record presented on this appeal is viewed in the light of the fundamental rules above referred to, we are of the opinion that the question of the propriety of the remedy is not before us. It must be assumed that the justice of the peace had no personal interest in the alleged criminal action pending before him. That his only interest therein was to properly discharge the duties imposed upon him by law, —the duties which he had assumed under his oath of office. It certainly cannot be assumed that he would issue warrants of arrest except in cases where it was charged that some crime had been committed, or that he would insist on subjecting a person not charged with the commission of any crime to the expense and ignominy attendant to a criminal prosecution. Indeed it is only reasonable to assume that when the matter came on for hearing in the district court, the justice of the peace, even if he had intended to object to a consideration of the merits on the ground that a wrong remedy had been pursued, would abandon such intention; for manifestly it would be to his interest to ascertain whether there was in fact any criminal action pending before him, and whether the alleged complaint did or did not state that an offense had been committed. In other words, it seems quite natural that the justice of the

peace should be interested in having the merits of the controversy determined, and that even if he first sought to question the propriety of the remedy, he would, on further consideration, decide to waive that question and ask the district court to determine the controversy on the merits. And upon the record here—where the justice of the peace, after his demurrer had been overruled, announced that he waived the issuance of a writ of certiorari; that he had no further defense to submit, and that he "submitted the entire matter in issue to the court at said time and place,"—we are of the opinion that he must be deemed to have waived all question as to the propriety of the remedy, and hence cannot raise that question now.

While we find it unnecessary to determine whether certiorari is or is not the proper remedy to be invoked under the facts shown here, we are, as already indicated, wholly agreed that the alleged criminal complaint did not state facts sufficient to constitute, or even to foreshadow, a public offense. We are, also, of the opinion that, without regard to whether the approval of the criminal complaint by the state's attorney, as required by § 10,535, Comp. Laws 1913, is or is not a jurisdictional prerequisite, a justice of the peace is not regularly pursuing his authority in the manner prescribed by law when he issues a warrant of arrest upon an alleged criminal complaint where the state's attorney has theretofore specifically disapproved the issuance of a warrant of arrest upon another alleged criminal complaint containing the same identical charge, and presented by the same complaining witness. There can, therefore, be no question but that the result reached by the district court in its decision in this case was the only decision which ultimately could be reached with respect to the alleged criminal proceeding. Hence it would seem that the judgment ought to be affirmed in any event for it is a well-settled rule that a judgment will not be reversed on appeal although infected with error where the result reached is manifestly the correct one, and a reversal would prove wholly ineffectual and be of no benefit to the party asking it. 4 C. J. 1131, 1134.

Judgment affirmed.

BIRDZELL, Ch. J., and CHRISTIANSON, and BRONSON, JJ., concur.

ROBINSON, J. (concurring specially). This was a criminal prosecu-

tion before a justice of the peace under the act relating to certified public accountants, Laws 1913, chap. 2. The justice of the peace appeals from an order or judgment dismissing the prosecution for want of jurisdiction. The points in the case are three:

1. The justice of the peace was not a party to the action and in no manner interested in the judgment or the dismissal, and hence he had no right to appeal. That point needs no argument.

2. The prosecution was without the consent and against the will of the state's attorney.

3. The complaint does not state a cause of action.

So far as material, the statute is as follows: Sec. 3.—

"Any person in order to assume the title of a certified public accountant, on the abbreviation C. P. A., or any other words, or letters, or abbreviations, tending to indicate that the person, firm, or corporation, so using the same, is a certified public accountant, must receive a certificate as a certified public accountant."

The complaint is based on that section. It avers that defendant did commit the crime of misrepresentation as a certified public accountant; that he did wrongfully and unlawfully assume the title of a certified public accountant of this state, and by misrepresenting himself as such, made and submitted to the board of auditors, and senate and house of representatives of the state of North Dakota, a certain audit of the books and records of the Bank of North Dakota, he, the said Herman G. Brissman; not having received a certificate as a certified public accountant. The complaint is drafted under that statute, but the statute does not create a crime because a violation of the command is not made penal or in any way punishable.

"A crime or public offense is an act committed or omitted in violation of a law forbidding or commanding it, and to which is annexed, upon conviction, a punishment or penalty." Comp. Laws, § 9195.

Obviously there is no penalty or punishment annexed to the violation of § 3, and hence the section does not create a crime. The averment of the complaint concerning the defendant, does not charge him with a crime any more than if it were that the moon is made of green cheese. The justice of the peace had no color or shade of jurisdiction; that is so obvious that it is in no way debatable and it seems that lawyers, hav-

ing regard for their reputations, should be more careful how they prosecute such groundless cases, and appeal same to this court.

In this case the state's attorney did not approve the issuing of a warrant and for good reasons he disapproved it. The rule is that criminal prosecution must be conducted in the name and by the authority of the state, and by the state's attorney, and such is the statute:

"When a complaint is made to a magistrate, charging the commission of a public offense, before issuing a warrant, he must submit the matter to the state's attorney, for approval, or disapproval, and if the state's attorney disapproves, no warrant shall be issued." § 10,535.

GRACE, J. (specially concurring). The complaint purports to charge a violation of § 9991, Comp. Laws 1913, relating to false and misleading advertising. I am of the opinion that the complaint fails to state a cause of action and, that for this reason, the judgment should be affirmed.

On petition for rehearing.

PER CURIAM. Appellant has petitioned for a rehearing.

It is said that this court, in its former decision, overlooked § 9433, Comp. Laws 1913, which provides: "When the performance of an act is prohibited by any statute and no penalty for the violation of such statute is imposed in any statute, the doing of such act is a misdemeanor." And it is contended that when the statutory provisions relating to the examination and certification of public accountants, §§ 549–557, Comp. Laws 1913, are read in connection with this statute, that it constitutes a misdemeanor to do what the criminal complaint in this case charges that Brissman did.

In our opinion the contention is not well founded. Section 9433, supra, is a general provision intended to apply in those cases where the legislature has enacted a law declaring certain acts to be prohibited or unlawful, but prescribed no punishment for a violation thereof. It seems that, in each of the various acts relating to the regulation of professions or vocations and licensing of those engaged therein, the legislature has seen fit to say specifically what shall constitute a violation of the statute, and, also, what the punishment shall be for such violation. This is true as regards the statutes relating to the examination and

licensing of physicians and surgeons, §§ 458–471, pharmacists, §§ 475–506; dentists, §§ 507–515; osteopathists, §§ 516–523; embalmers, §§ 540–572; optometrists, §§ 524–539, and barbers §§ 558–572. It will be noted that the provisions relating to the examination and certification of accountants are both preceded and followed by provisions relating to other professions and vocations. And the statute relating to accountants is no exception to the general rule thus adopted by the legislature. That statute, also, contains a provision enumerating the acts which shall be deemed punishable under it, and prescribes the punishment. The last section in the act reads thus: "Any certified public accountant who shall falsify a report, statement, investigation, or audit, or who shall in any manner be guilty of a misrepresentation as a certified public accountant, shall be guilty of a misdemeanor and shall be punished accordingly." Comp. Laws 1913, § 557. Hence, we do not have a situation where the legislature passing a law, either intentionally or otherwise, failed to consider the question of its violation and make provision therefor. Here, the legislature considered that question, and stated what acts should be punishable as violative of the act. It is a maxim of the law that the expression of one thing is the exclusion of another. The rule of construction thus expressed is applicable here. Where, as here, a statute purports to regulate the carrying on of a vocation or profession not formerly subject to regulation, and designates certain acts and a certain class of persons as subject to its penalties, the acts and persons so designated are exclusive and all other acts and persons are deemed to be exempted. 2 Lewis's Sutherland, Stat. Constr. 2d ed. § 491, pp. 916–918. The complaint involved in this case wholly fails to show the commission by Brissman of any act made punishable under § 557, supra; and, hence fails to state facts sufficient to constitute a public offense.

It is, also, said that we were in error in stating in the former opinion that no statement of case had been settled. And attention is called to what is denominated an order settling the statement of case. The order mentioned enumerates and identifies the various papers and records in the case, states that the same "constitute all the papers, files and records in said action, and the judgment roll and the whole thereof, and that there are no exhibits and no evidence taken before the district court." The order is sufficient for the purpose of identifying the papers on

which the order appealed from was based, and also to show that there was no *evidence* other than the papers enumerated, submitted to the court, upon the hearing. It does not purport however to show what *proceedings* were had upon hearing in the district court. As to that we have no information except that recitals in the order appealed from. It is a misnomer to call the papers identified by the court a statement of case, or the order identifying such papers and showing what the order was based on, an order settling the statement of case. The purpose of a statement of case is to place in the record matters occurring on the trial or hearing, and which would otherwise not be a part of the record,—matters sometimes resting in the stenographers notes, or the minutes of the court, and at other times resting only in the recollection of the court or counsel. See 4 C. J. 330. See also § 7655, Comp. Laws 1913.

Appellant invokes the rule that certiorari lies only to review acts in excess of jurisdiction. The rule was recognized, and the statutory provisions announcing it were set forth, in the former opinion, but for reasons therein stated the rule was held not applicable in this case. In other words, we held that under the facts disclosed or inferable from the record in this case, we are not concerned with the propriety of the remedy. As pointed out, the district court is one of general jurisdiction. The ultimate question which gave rise to the litigation was one within the general jurisdiction of that court. And for reasons stated in the former opinion it must be assumed on this appeal that the objection first interposed by the justice of the peace to the propriety of the remedy was abandoned,—that the justice of the peace waived the issuance of a writ of certiorari, and in effect asked, or at least consented, that the district court decide the "entire matter in issue" at "said time and place." This court has repeatedly held that when a case, which involves a question within the general jurisdiction of the district court, is presented to the district court, with either the express or tacit consent of the parties that the question so presented be determined, the question of the propriety of the remedy becomes immaterial and cannot be subsequently raised. Thus in Minneapolis, St. P. & S. Ste. M. R. Co. v. Stutsman, 31 N. D. 597, 154 N. W. 654, this court held that where a matter was heard before the board of railroad commissioners, and an appeal taken from the decision of such board to the district court, and

the controversy tried in that court, without objection, the parties cannot afterwards be heard to say that the board of railroad commissioners in the first instance had no jurisdiction to hear or determine the matter, and the district court no right to hear and determine the matter on appeal. And in Lobe v. Bartaschawich, 37 N. D. 572, 164 N. W. 276, this court ruled that where an application was made in the district court to vacate a default judgment entered by a county court with increased jurisdiction, and the parties in effect invited the district court's ruling on the merits of the application, the order of the district court setting the judgment aside is valid, even though the application properly should have been made in the county court. In the opinion in that case it was said: "The district court, being a court of general jurisdiction, has power to determine all controversies or questions of difference which can possibly be made the subject of civil action. . . . The subject-matter being with the scope of the jurisdiction of the court in which the motion was made, and such court having determined the controversy by consent of the parties, they are now precluded from questioning the jurisdiction. There are but few analogous cases, presumably due to the fact that parties who consent to the exercise of the judicial powers of a court of general jurisdiction seldom have the hardihood to impeach the action of the tribunal on jurisdictional grounds." In our decision in this case, we merely applied the principle announced and applied in these cases. We have not, as appellant contends, held that the practice adopted in this case is the proper mode of determining the sufficiency of a criminal complaint. We have merely held that where, as here, the matter is presented to the district court, and that court is in effect asked to determine whether there is in fact and in law a criminal action pending before a justice of the peace; and the court determines that question, that a party who has invited such decision cannot afterwards question the propriety of the remedy utilized in the first instance in bringing this matter before the district court for determination.

Rehearing denied.

Birdzell, Ch. J., and Christianson, Bronson, and Robinson, JJ., concur.