HERMAN G. BRISSMAN, Respondent, v. R. H. THISTLE-
THWAITE, Appellant.

(192 N. W. 90.)

**Former case controlling.**

> This case is governed by the decision rendered in Brissman v. Thistlethwaite,
> ante, 417.

Opinion filed November 23, 1922. Rehearing denied December 30, 1922.

Appeal from the District Court of Burleigh County, *Nuessle, J.*
Affirmed.

*Theodore Koffel, Joseph Coghlan,* and *J. K. Murray,* for appellant.

A justice of the peace is not bound to dismiss a prosecution of a
criminal offense upon motion of the state's attorney, and he has author-
ity to issue a warrant without the approval of the state's attorney.
Comp. Laws, 1913, § 10,535; Re Voss, 11 N. D. 541, 90 N. W. 15.

The same question was also raised and decided in the same way in
the case of Clyde v. Lauder, 7 N. D. 136, 90 N. W. 564.

It has been held that a prosecuting attorney has no right at his own
discretion to stop criminal proceedings instituted before a justice of the
peace or direct the sheriff not to execute a valid warrant of arrest in his
hands for execution issued by a justice of the peace and not approved
by the prosecuting attorney. Beecher v. Anderson, 8 N. W. 539; State
v. Yakey, 85 Pac. 990.

That the magistrate is not limited to the matter approved by the
state's attorney is clearly evidenced by reading the remainder of the
Code of Criminal Procedure relating to preliminary examinations. Sec-
tion 10611 provides. State v. Rossum, 8 N. D. 548, 80 N. W. 47;
170 S. W. 624; People v. Kingston, 139 N. Y. Supp. 649; Read v.
Shipley, 104 S. W. 1001; Foley v. Ham, 169 Pac. 183; Hutchinson v.
Ionia County, 89 N. W. 561.

Where the court has jurisdiction of the class of cases complained of,
and acquired jurisdiction of the subject-matter, the mere fact that the
petition or complaint by which the proceeding was inaugurated is defec-
tive is no ground for certiorari or prohibition. State v. Scobie, 92
S. W. 191.

*O'Hare & Cox,* for respondent.

That certiorari is and was the proper remedy in this proceeding' in view of the question of law raised in the court below, seems too apparent for argument. 11 C. J. 88 and cases cited thereunder.

Inferior courts and justices of the peace have only such jurisdiction as is expressly given. Bowers v. Green, 2 Ill. 42.

In Robinson v. Harlan, 2 Ill. 237, it is said: "By adverting to the organization and powers of a justice's court, it will be perceived that it is one of limited jurisdiction. The statute is the charter of its authority; and, whenever it assumes jurisdiction in a case not conferred by the statute, its acts are null and void, and the officer obeying its process in such a case makes himself liable." In Evans v. Pierce, 3 Ill. 468, it is said: "A justice's jurisdiction is conferred by statute, and, in its exercise he must proceed in strict conformity with the manner prescribed."

And the powers of a justice of the peace are strictly limited to what' is conferred upon him by statute. 24 R. C. L. 706; 12 Cyc. 210; State v. Peterson, 13 A.L.R. 1284, 194 Pac. 342.

This question has also been raised in the courts of the state of New York, and in the case of People ex rel. Brown v. Tighe, 146 App. Div. 491, it is held that a magistrate has no arbitrary power to issue a warrant of arrest, but must rest his authority to do so on provisions of law, citing in support thereof McKelvey v. Marsh, 63 App. Div. 396. See also 16 C. J. 299 under Issuance of Warrant.

PER CURIAM. This case was submitted together with Brissman v. Thistlethwaite, ante, 417, 192 N. W. 85. The complaint here purports to charge a violation of the statute relating to false and misleading advertising. Comp. Laws 1913, § 9991. No good purpose would be subserved by setting forth the allegations of the complaint. The complaint clearly does not state facts constituting a public offense, nor is there any contention on this appeal that it can be amended so as to obviate the defects. The appellant asserts that wholly without regard to whether the complaint states facts constituting a public offense, the action of the justice of the peace was not subject to review by certiorari, and that the trial court erred in so reviewing it.

It appears that the alleged criminal action under consideration here was instituted at the same time that the action considered in Brissman v. Thistlethwaite, supra, was instituted. All the facts stated in the

opinion in that case with respect to the criminal action involved in that case exist here. Here also the state's attorney disapproved the issuance of a warrant of arrest, and the record on appeal is in all material respects similar to that considered there. Hence, this case is necessarily controlled by the decision in Brissman v. Thistlethwaite, and on authority of that case the judgment of the district court is affirmed.

BIRDZELL, Ch. J., and CHRISTIANSON, and BRONSON, JJ., concur.

ROBINSON, J. (concurring specially). This is a prosecution before a justice of the peace, under Comp. Laws, § 9989, Laws of 1913, chap. 2. After hearing on an order to show cause the district court gave judgment dismissing the prosecution and the justice of the peace appeals. The case presents three questions on each of which the appeal may be dismissed or the judgment affirmed.

1. The prosecution was commenced; the warrant issued and the arrest made without the consent and against the will of the state's attorney and the attorney general.

2. The complaint does not state facts sufficient to constitute a public offense.

3. *The justice of the peace was no party of record, he had no interest in the case, and hence no right to appeal.*

The last point needs no argument. The justice was neither plaintiff nor defendant; dismissal of the case was of no concern to him; he had no rights as a party to the action.

The rule is that criminal prosecution must be conducted in the name, and by the authority, of the state, and by the state's attorney. The statute reads:

"When a complaint is made to a magistrate, charging the commission of a public offense, before issuing a warrant, he must submit the matter to the state's attorney for approval, or disapproval, and if the state's attorney disapproves, no warrant shall be issued." Sec. 10535.

That is the rule with a few exceptions. In this case, the state's attorney did not approve the issuing of a warrant and for good reasons he disapproved it, and for that reason alone it was competent, for the district court, to order a dismissal of the case.

2. The complaint does not charge a public offense; it is framed under

the statute against false and misleading advertising. Comp. Laws 1913, §.9989. The statute is in effect that any person who, with intent to sell certain specific things, including services, publish concerning the same any advertisements or representations of fact which are untrue, deceptive, or misleading shall be guilty of a misdemeanor. The complaint avers that in January, 1921, defendant committed the crime of false and misleading advertising with intent to sell and dispose of services, to wit: Services of accountancy, directly or indirectly to the public, did, in divers ways publish advertisements of a certain sort regarding services, to wit: Services as a certified public accountant, and to offer the same to the public, which advertisements contain assertions, representations, and statements of fact which were then and there untrue, deceptive and misleading.

The complaint does not state any alleged untrue advertisements, assertions, or representations, nor does it state wherein the same is untrue, misleading or deceptive. It is similar to a complaint for perjury, alleging that in a certain action the accused did wilfully and feloniously swear falsely, without any averment, showing the false testimony or its untruthfulness. It is similar to an averment that at a certain time and place defendant did feloniously steal, take, and carry away a great lot of personal property, without any averment describing the property, or its value. It is similar to a complaint for libel and slander without any averment showing libelous statements. In all such cases the pleading must be specific, definite, and certain. A party cannot state a cause of action based on a false statement, or advertisement, without alleging the statement or advertisement. The averment that a party made any number of false and deceptive or slanderous statements concerning a matter amounts to nothing without an averment showing the statements. That is elementary. In a complaint for false and misleading advertising, the advertisement is an essential fact. It is the very basis of a cause of action and hence it must be pleaded, 31 Cyc. subject, Pleading; 21 R. C. L. 438–626.

Inasmuch as the complaint makes no attempt to state any advertisement, or any false assertion, it well fails to state a cause of action, and hence the justice court had no jurisdiction.

GRACE, J. (specially concurring). The complaint purports to

charge a violation of § 9991, Comp. Laws 1913, relating to false and misleading advertising. I. am of the opinion that the complaint fails to state a cause of action and, that for this reason, the judgment should be affirmed.