SMITH, RESPONDENT, *v.* RODRIGUEZ, APPELLANT.

(No. 5,359.)

(Submitted November 22, 1923. Decided December 24, 1923.)

(221 Pac. 530.)

*Appeal and Error—Insufficiency of Evidence—Absence of Bill of Exceptions from Record—Extent of Review.*

1. Where the sufficiency of the evidence to support the judgment is questioned and the record on appeal does not contain a bill of exceptions, but simply excerpts from the stenographer's transcript certified by the clerk of the trial court, which do not take the place of a bill of exceptions duly settled, the supreme court is not in position to determine the merit of the assignment.

*Appeal from District Court, Yellowstone County, in the Thirteenth Judicial District; H. J. Miller, Judge of the Sixth District, presiding.*

ACTION by M. Smith against Benigno Rodriguez. Judgment for plaintiff and defendant appeals. Affirmed.

Cause submitted on briefs of Counsel.

*Mr. W. R. Swank,* for Appellant.

*Messrs. Johnston, Coleman & Johnston,* for Respondent.

It is a well-established rule that, in order to present assignments of error upon the question of the insufficiency or want of evidence to sustain the decision or verdict, a bill of exceptions must be presented, and that without this authentication it will be stricken out or disregarded as forming no part of the record on appeal. (*Conklin* v. *Cullen,* 25 Mont. 214, 64 Pac. 502; *Haley* v. *McDermott,* 45 Mont. 217, 121 Pac. 1060; *Manuel* v. *Scott,* 37 Mont. 29, 31, 94 Pac. 487; *Passavant* v. *Arnold,* 34 Mont. 513, 87 Pac. 905; *Pryor* v. *Walkerville,* 31 Mont. 618, 79 Pac. 240; *In re Extension etc. of Boundaries of Bitter Root Irr. Dist.* (Mont.), 218 Pac. 945; *Beatty* v. *Murray Placer Min. Co.,* 15 Mont. 314, 39 Pac. 82.)

MR. JUSTICE COOPER delivered the opinion of the court.

The plaintiff brought this action to enforce specific performance of a contract whereby the defendant agreed to sell to a buyer selected by Charles C. Wilhelm certain real estate in the city of Billings. The complaint alleges that on May 15, 1922, the above contract was made with the understanding that defendant would sell the property at a price net to him of $823, the purchaser to assume all outstanding mortgages, interest and insurance "owing on the property"; that Wilhelm effected a sale, prepared a deed conveying the same to plaintiff, and tendered to defendant the $823 paid to him as the purchase price; that defendant refused to execute the deed or to accept the money as he had promised in writing

to do; that plaintiff is ready, able and willing to pay into court the $823, accept the deed to the premises, and assume the mortgage debt, interest and insurance unpaid. The prayer was that the defendant be required to perform the contract as written.

The answer denied all the averments of the complaint and alleged affirmatively that the contract was made as alleged, except that the total purchase price of $3,000 was to be paid to defendant, and that he was to pay off the mortgage, insurance and other indebtedness against the property; and that the date at which the option to Wilhelm should terminate was May 20 instead of May 30, 1922, although it specifically provided that it was to continue until May 30 and thereafter "until terminated by my giving unto you as agent ten days' notice in writing." Defendant did not ask to have the contract reformed.

The cause was tried to the court, which made findings in plaintiff's favor enforcing specific performance of the contract. From the judgment rendered defendant appeals.

The only question argued by appellant relates to the suffi[1] ciency of the evidence to support the findings. The record contains no bill of exceptions. The excerpts from the stenographer's transcript certified by the clerk do not take its place; so that nothing is before this court but the judgment-roll. There was no demurrer to the complaint, and the objection at the beginning of the trial to the admission of any testimony because of defects in the complaint is disregarded in the assignments of error and the brief of appellant. In the absence of the record prescribed by statute, this court is not at liberty to consider the sufficiency of the evidence to support the findings and judgment. (*Midland Nat. Bank* v. *Hegna,* 68 Mont. 544, 219 Pac. 628.)

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and STARK concur.