OSMUNDSON, APPELLANT, *v.* MOORE MERCANTILE CO.
ET AL., RESPONDENTS.

(No. 5,457.)

(Submitted April 25, 1924.    Decided May 19, 1924.)

[226 Pac. 215.]

*Appeal — Error in Instructions — Absence of Evidence from Record—Effect on Review of Assignment of Error—Special Findings—General Verdict—Findings Controlling.*

Appeal—Error in Instructions—Absence of Evidence from Record—Assignment not Reviewable.
  1.  Where the record on appeal does not contain the evidence, the supreme court will not consider an assignment of error that the trial court erroneously instructed the jury.
Trial—Special Findings—General Verdict—Inconsistency—Findings Controlling.
  2.  Where a special finding of the jury fixing damages is wholly inconsistent with the general verdict rendered, the finding is controlling.

*Appeal from District Court, Fergus County; John C. Huntoon, Judge.*

ACTION by Hazel Samuell Osmundson, substituted on appeal for P. H. Samuell, the original plaintiff, against the Moore Mercantile Company, a corporation, and others.    From a judgment against defendant Power Mercantile Company for a sum less than that fixed by the verdict, plaintiff appeals.    Affirmed.

*Messrs. Cheadle & Cheadle,* for Appellant, submitted a brief; *Mr. E. K. Cheadle* argued the cause orally.

*Messrs. Belden & DeKalb, Mr. Chas. J. Marshall* and *Mr. Merle C. Groene,* for Respondent, submitted a brief; *Mr. O. W. Belden* argued the cause orally.

MR. JUSTICE COOPER delivered the opinion of the court.

The record shows that P. H. Samuell, the original plaintiff in this action, sold and assigned the cause of action to Hazel

Samuell Osmundson before the commencement of the trial, and in this court she was substituted on motion as appellant. It also discloses that the action was dismissed against the sheriff of Fergus county and the Moore Mercantile Company, leaving the Power Mercantile Company as the sole remaining defendant.

Six witnesses were sworn and testified orally, and the evidence of P. H. Samuell given upon a former trial was read to the jury in plaintiff's behalf. Four witnesses testified orally for defendant. At the close of the evidence the court submitted two special findings and a general verdict to the jury. In the findings $400.35 was fixed as plaintiff's damage, and in the general verdict, $488.29. Defendant moved the court to make the award in the general verdict conform to the special findings. The motion was sustained, and judgment entered for plaintiff in the sum of $400.36 and costs. Plaintiff appeals.

In three assignments appellant charges the court with the commission of three errors: (1) Erroneously charging the jury upon the evidence; (2) reducing the damages stated in the general verdict; and (3) rendering judgment for $400.36 fixed in the special findings.

No evidence is incorporated in the record; yet appellant's [1] counsel ask this court to hold that the district court erroneously instructed the jury. The question whether the trial court's charge misled the jury cannot be decided without reading the evidence in connection with the instructions complained of. This court so held in *State* v. *Gill,* 21 Mont. 151, 53 Pac. 184; *State* v. *Phillips,* 36 Mont. 112, 92 Pac. 299; *Sprinkle* v. *Anderson,* 57 Mont. 219, 187 Pac. 909; and *Smith* v. *Rodriguez,* 69 Mont. 319, 221 Pac. 530. Courts of other states have decided the question the same way. (*Carpenter* v. *Ewing,* 76 Cal. 487, 18 Pac. 432; *Bryant* v. *Gray,* 179 Cal. 679, 178 Pac. 709; *Ross* v. *Kay Copper Co.,* 20 Ariz. 576, 184 Pac. 978.)

With reference to the second and third assignments of error [2] it is sufficient to say that the special finding fixing plaintiff's damage was wholly inconsistent with the general verdict,

and is therefore controlling.  (*Martin* v. *City of Butte*, 34 Mont. 281, 86 Pac. 264.)

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and STARK concur.