ELLA MAY ARNOLD, Respondent, v. MINNEAPOLIS, ST. PAUL, & SAULT STE. MARIE RAILWAY COMPANY, a Corporation, Appellant.

(228 N. W. 456.)

Opinion filed January 6, 1930.

*John E. Palmer* and *McGee & Goss,* for appellant.

*Sinkler & Brekke,* for respondent.

CHRISTIANSON, J.   Plaintiff brought this action to recover damages for personal injuries, which, she alleges, were sustained through the negligence of the defendant.   In its answer the defendant admits that the plaintiff was a passenger on one of its passenger trains on the day the plaintiff claims to have been injured; but denies that the plaintiff was injured at all or that the defendant was in any manner negligent; and it alleges that if the plaintiff sustained any injuries that they were occasioned solely by her own want of care.   The case was tried to a jury and resulted in a verdict in favor of the plaintiff for $2,000. Thereafter the defendant moved in the alternative for judgment notwithstanding the verdict or for a new trial.   The motion was denied and it has appealed from the judgment and from the order denying such motion.

The undisputed evidence is to the effect that on December 18, 1927, the plaintiff purchased a ticket, entitling her to travel on one of defendant's passenger trains from Minot, North Dakota to Logan, North

Dakota, and that thereafter the plaintiff, accompanied by her daughter, Ella May, a girl about fourteen years of age, boarded one of defendant's passenger trains at Minot. On arriving at Logan, the brakeman placed a stool upon the depot platform for the use of passengers in alighting from the train. The daughter, Ella May, first alighted from the train. When the plaintiff started to descend the steps she had a suitcase in one hand. The brakeman took the suitcase and set it down on the depot platform. As the plaintiff stepped upon the stool she slipped and sustained the injuries for which she seeks compensation in this action. There is a square conflict in the evidence as to the circumstances in which the injuries were sustained. The plaintiff testified that as she put her foot on the stool the train started to move, the stool slipped and she fell "flat" upon the platform. ·Both the plaintiff and her daughter testified that there was some snow on the platform and the daughter testified that "there was ice on the platform right where the stool was sitting;" and that "there was ice around there where she (plaintiff) got off." The brakeman testified that the train did not move at all; that the stool did not slip; that the plaintiff "got down on the stepping box and instead of walking—stepping right off the stepping box like they usually do she halted as she got down on the box; she turned to the right, quarter turn hanging on to the grab iron of the car and backed off from the stepping box, stepped backwards off the stepping box and by doing this she missed—she misjudged her steps on the stepping box and slipped off from the side of it and fell down on her knee onto the platform." The plaintiff and her daughter both testified that the brakeman did not assist or offer to assist the plaintiff in alighting and the brakeman made no claim to the contrary, but he testified that after she slipped and fell on her knees he "reached for her, got her by the arms, and helped her up, and when she got up asked her if she was hurt," and that she answered "I don't know." The evidence shows that at the time of the injury the plaintiff was about forty-nine years of age and weighed about two hundred sixty pounds. The testimony of the plaintiff, her daughter and a doctor who was called to testify on behalf of the plaintiff, tended to show that the plaintiff sustained rather severe injuries which have incapacitated her from performing any labor and caused her a great

deal of pain and suffering. The action was tried November 23, 1928, more than eleven months after the accident occurred. The evidence adduced by the plaintiff was to the effect that she was then still suffering from the injuries sustained, and the testimony of the doctor was that the injuries probably would be permanent. There is no claim that the verdict is excessive. The contentions on the part of the defendant are: 1. That there is no evidence from which the jury could find that the plaintiff was injured through the negligence of the defendant but that any injuries she may have sustained were occasioned solely by her own negligence. 2. That the trial court erred in refusing to give to the jury certain instructions requested by the defendant. 3. That there was misconduct on the part of one of the jurors and that the trial court, in any event, should have granted a new trial because of such misconduct. The contentions will be considered in the order stated.

(1) We have already summarized the evidence. As we construe it it is of such character as to make all questions as regards the negligence of the defendant and the contributory negligence of the plaintiff questions of fact for the jury.

(2) The record discloses that the defendant requested the trial court to instruct the jury as follows:

"1. The jury are instructed that defendant was not an insurer against accidental injury to plaintiff in her alighting from its train at Logan; and unless she was injured by some negligence of defendant you should dismiss the action.

"2. The jury are instructed that if defendant's train was not moving when plaintiff alighted, and that if a reasonably prudent person would not have taken hold of plaintiff and have assisted her from the train step to the stool and platform, and you find also that the stool did not slip or turn you should dismiss this action."

The requests were refused and defendant assigns error on such refusal. No error was committed. So far as the first requested instruction is concerned, the record discloses that the substance thereof was given to the jury. The court instructed the jury as follows:

"I charge you that a railroad company is not an insurer of its passengers against injury, but a railroad company does owe a duty to the

public and its passengers to furnish a reasonably safe place to alight from its trains and reasonably safe equipment for use in alighting."

So far as the second requested instruction is concerned, defendant argues that it was intended to point out to the jury the elements or acts of negligence upon which a recovery might be awarded. In other words, defendant argues that the purpose of the proposed instruction was to restrict the jury to the three grounds of negligence: 1. That the train moved when plaintiff was alighting; 2, that the stool was so placed that it slipped; and 3, that the brakeman was negligent in failing to assist the plaintiff in alighting from the train.

In connection with the errors assigned upon the refusal to instruct defendant complains that the court in its instructions in effect read all the charges of negligence set forth in the complaint; and it asserts that some of these charges were wholly unsupported by any evidence and that consequently they should have been eliminated from consideration by the jury. We have examined the instructions with care and fail to find anything to indicate that the defendant was, or could have been, prejudiced by the manner in which the issues were summarized by the court. In outlining the issues to the jury the trial court said that the plaintiff for her cause of action alleges:

"That when the said plaintiff was about to alight from the said train and at the very time she was alighting therefrom, and while she was in the act of stepping down upon a stool, furnished by the said defendant to assist passengers in alighting from said train, the said defendant caused the said train to start up and this plaintiff stepped down upon the said stool and because the said stool had not been placed securely upon the ground and because the slippery condition where said stool stood, and the uneven condition of the place where said stool was placed by the defendant, when this plaintiff placed her foot on said stool, the said stool slipped to one side, and plaintiff was thrown violently to the ground and under the steps of the said passenger car, from which she was alighting and thereby severely and permanently injured her back, hip, head and body, and received and sustained permanent injuries thereby. That this plaintiff at said time was forty-nine years of age, and weighed two hundred and forty pounds, and that the said defendant negligently and carelessly failed to assist and

render necessary assistance to the said plaintiff in alighting from said train. That plaintiff received and sustained the said injuries herein set forth by reason of the premises and by reason of the negligence and carelessness of the defendant in failing to render assistance to the said plaintiff, while she was alighting from said train, and by reason of the negligence and carelessness of the said defendant in failing to have a safe place for the said plaintiff to alight from said train, and by reason of the negligence and carelessness of the defendant in failing to place the said stool in a safe place and proper position and by reason of the negligence and carelessness of the defendant in placing said stool so that same slipped from its place, when plaintiff stepped thereon, and by reason of the negligence and carelessness of the said defendant and in failing to hold said stool in position, and by reason of negligence and carelessness of the defendants in allowing and permitting the said train to start, while plaintiff was in the act of alighting from said train, and by reason of the negligence and carelessness of the said defendant in causing this plaintiff to be thrown violently to the ground under the steps of said train." .

Nothing in this statement pretends to specify any charge of negligence except the three to which the defendant claims the jury should have been restricted. Elsewhere in the instructions the court defined negligence and proximate cause and stated the rules governing liability, and the right to compensation, for negligence. It, also, instructed the jury that "the burden of proof is upon the plaintiff to prove her cause of action to your satisfaction by a fair preponderance of the evidence." It further instructed that if the plaintiff had failed to sustain such burden that then it would be the duty of the jury to return a verdict for the defendant; also, that "if you find the negligence of the plaintiff contributed to the injuries then I charge you your verdict should be for the defendant."

(3) It is next contended that there was misconduct on the part of one of the jurors and that the trial court should have granted a new trial for this reason. The charge of misconduct is based upon the following facts: It is claimed by the defendant that when one of the jurors named Debilt was being examined as to his qualifications to sit

as a juror in the case he was asked by counsel for the defendant whether the attorney for the plaintiff in the present action was his (Debilt's) attorney in any action then pending; that Debilt answered this question in the negative and that such answer was false. No record was made of Debilt's examination. The facts, as regards the same, were sought to be established upon the motion for a new trial by affidavits. The defendant submitted affidavits to the effect that such question was asked Debilt; that he answered the same in the negative, and that at that time the attorney for the plaintiff in the present action was the attorney for Debilt in certain then pending litigation. The affidavits submitted on the part of the defendant were flatly contradicted by certain affidavits submitted on the part of the plaintiff, including the affidavits of Debilt and plaintiff's attorney. These affidavits specifically denied that any such question was asked Debilt, and asserts that Debilt at no time stated that plaintiff's attorney in the action was not his attorney in certain then pending litigation. It is admitted by both Debilt and plaintiff's attorney that plaintiff's attorney in the present action was the attorney for Debilt in some litigation then pending.

It is not claimed by the defendant that the fact of the relationship between Debilt and plaintiff's attorney constituted a ground for challenge for cause (Comp. Laws 1913, § 7616); but it is claimed that this was a material fact for consideration by defendant's counsel in determining whether he should exercise a peremptory challenge. It is further argued that the false answer on the part of Debilt evidenced the existence of a state of mind on his part evincing bias in favor of the plaintiff and against the defendant. We find it unnecessary to determine whether an incorrect answer on the part of Debilt, in the circumstances claimed by the plaintiff, would of itself have constituted a ground for a new trial. Upon the record presented, this court cannot say that Debilt was asked the question or made the answer claimed by the defendant. This whole matter was submitted to the trial court for determination. The judge of that court was familiar with the trial. He was present when the jurors were being examined. After due consideration the trial court rendered a decision in favor of the plaintiff. That decision is presumed to be correct and the appellant has the burden of showing that it was erroneous by a record affirmatively showing

error. Erickson v. Wiper, 33 N. D. 193, 157 N. W. 592. The record presented to us on this appeal does not establish error on the part of the trial court. As said, all presumptions are in favor of the propriety and regularity of the proceedings had and the order made in the court below. If necessary we must assume in favor of the trial court's decision that it found that the juror Debilt did not make the untrue answer which the defendant claims that he made. Brissman v. Thistlethwaite, 49 N. D. 417, 421, 422, 192 N. W. 85; Davis v. Jacobson, 13 N. D. 430, 101 N. W. 314. In short, we must assume that the trial court found that Debilt was a competent, honest juror, fairly selected as such, and that the defendant received a fair trial. No error being shown, it follows that the judgment and order appealed from must be, and they are, affirmed.

BURKE, Ch. J., and BIRDZELL, NUESSLE, and BURR, JJ., concur.