[File No. 6796]

THE STATE OF NORTH DAKOTA, J. S. Lamb, as Commissioner of Highways in and for the State of North Dakota, and B. E. Robinson, as Registrar of Motor Vehicles in and for the State of North Dakota, Appellants, v. C. E. VAN HORNE and the State of North Dakota, Doing Business as the State Bonding Fund, and O. E. Erickson, as State Insurance Commissioner and as Director of the State Bonding Fund of the State of North Dakota, Respondents.

(2 NW(2d) 1)

Opinion filed December 1, 1941. Rehearing denied January 27, 1942

*Alvin C. Strutz,* Attorney General, *Milton K. Higgins,* and *P. O. Sathre,* Assistant Attorneys General, for appellants.

*J. K. Murray* and *Francis Murphy,* for respondent *C. E. Van Horne.*
*W. J. Austin,* for respondent State Bonding Fund.

PER CURIAM. This is an appeal by the plaintiffs from a judgment in favor of the defendants for a dismissal of the action. The action was brought to recover certain moneys belonging to the state of North Dakota which it is alleged that the defendant Van Horne received as Motor Vehicle Registrar of the state of North Dakota, and which he thereafter retained as his own. Plaintiffs' demand is set forth in two causes of action. The first cause alleges that the defendant Van Horne, as Motor Vehicle Registrar received and was paid a salary in excess of that which he was entitled to receive, and the second cause of action is predicated upon the proposition that said defendant Van Horne, while serving as Motor. Vehicle Registrar received and retained payments made by a private concern for the furnishing to such concern of lists of car registrations and other information of commercial value to such private concern.

The defendant Van Horne interposed an answer that put in issue the material allegations of the complaint, and further alleged that all payments made to the said Van Horne as and for salary were paid upon vouchers duly and regularly presented to and filed with the State Auditing Board and passed upon and approved by such Board in accordance with and reliance upon a written opinion of the attorney general duly made to such Board.

The case was tried to a jury and resulted in a verdict for the de-

fendant Van Horne for a dismissal of the action. From the judgment entered pursuant to the verdict, plaintiffs have appealed.

The only errors assigned on this appeal relate to the instructions to the jury. It is contended that the court erred in giving certain instructions and also that it erred in not giving others.

It is a well-settled rule of general application that " 'an appellate court will indulge all reasonable presumptions in favor of the correctness of the judgment, order, or decree from which the appeal is taken. In other words it will be presumed on appeal, in the absence of a contrary showing, that the trial court acted correctely and did not err. Indeed error is never presumed on appeal, but must be affirmatively shown by the record; and the burden of so showing it is on the party alleging it, or as sometimes stated, the burden of showing error affirmatively is upon the appellant or plaintiff in error.' 4 C. J. 731–733. See also Erickson v. Wiper, 33 ND 193, 222, 157 NW 592. And on an 'incomplete record, the appellate court will presume any conceivable state of facts within the scope of the pleadings and not inconsistent with the record which will sustain and support the ruling or decision complained 'of; but it will not, for the purpose of finding reversible error, presume the existence of facts as to which the record is silent.' 4 C. J. 736." Brissman v. Thistlethwaite, 49 ND 417, 421, 422, 192 NW 85. This rule applies with full force to the court's instructions to the jury.

"The burden is on appellant to show that the trial court erred in charging the jury; and in the absence of a contrary showing, the appellate court will, for the purpose of sustaining the judgment but not of reversing it, indulge in all reasonable presumptions and intendments in favor of the sufficiency and propriety of the instructions given to the jury by the lower court." 5 CJS p. 362.

The record on this appeal furnishes no basis for an assignment of error upon the alleged failure of the court to give further instructions. It is admitted that the plaintiffs made no request for any instructions other than those which were given. It is the settled rule in this state that in the absence of a request for instructions mere nondirection does not constitute reversible error unless the nondirection is of such na-

ture that the failure to instruct amounts to a misdirection. Huber v. Zeiszler, 37 ND 556, 164 NW 131.

The assignments of error based upon the instructions given consist of certain quoted portions of the instructions, said to be erroneous, without pointing out wherein they are claimed to be erroneous, or resulted in prejudice to the plaintiffs, under the evidence in the case. There was no claim in the court below that the verdict is contrary to the evidence; and there is not and could not be any such claim in this court. Jacobson v. Klamann, 54 ND 867, 211 NW 595. The instructions are within the issues framed by the pleadings, and their effect upon the verdict that was reached cannot be determined without a consideration of the evidence that was introduced.

The appellants have failed to sustain their assignments of error by the record presented on this appeal.

Judgment affirmed.

BURR, Ch. J., and CHRISTIANSON, NUESSLE, MORRIS and BURKE, JJ., concur.

PER CURIAM (on petition for rehearing). Appellants have petitioned for a rehearing. They contend that this court has overlooked "the fact that the trial court misinstructed upon questions of law that were controlling and bore directly upon the issues framed by the pleadings;" and they assert that the rule stated in ¶ 3 of the syllabus, that absent request for an appropriate instruction "failure to instruct can be urged as error only if in light of the evidence the nondirection constitutes misdirection," is erroneous.

The questions thus presented by the petition for a rehearing were raised and argued both in the brief and on the oral argument, and were determined by the decision in this case. The petition is, in effect, a restatement and a reargument of matters that were contained in the briefs, called to the attention of the court on the oral argument and determined by the decision, and do not constitute grounds for rehearing. Rule 16, Rules of Practice, 41 ND 696. Nevertheless, we have considered the questions presented and find no reason for departing from the former opinion.

It is a fundamental principle, which has been declared by this

court many times, that error is never presumed on appeal; and that there rests upon the appellant the burden of affirmatively proving prejudicial error by the record presented to the appellate court. 5 CJS pp. 262–269; Erickson v. Wiper, 33 ND 193, 157 NW 592; Halstead v. Missouri Slope Land & Invest. Co. 48 ND 1001, 188 NW 163; First State Bank v. Schmaltz, 61 ND 150, 237 NW 644; Farmers' Educational & Co-op. Union Elevator Co. v. Irons, 64 ND 370, 252 NW 380. The burden resting upon the appellant is not sustained by showing error. He must show that the error was prejudicial. Comp. Laws 1913, § 7485; Cohen v. Wyngarden, 48 ND 344, 184 NW 575; Bristol & S. Co. v. Skapple & Montgomery, 17 ND 271, 115 NW 841; Swallow v. First State Bank, 35 ND 608, 161 NW 207; Rattie v. Minneapolis, St. P. & S. Ste. M. R. Co. 55 ND 686, 215 NW 158; Ouren v. Friswold, 55 ND 664, 215 NW 160; Arnold v. Minneapolis, St. P. & S. Ste. M. R. Co. 59 ND 59, 228 NW 456, 29 NCCA 68.

The fact that the trial court has erred in admitting certain evidence offered by the defendant does not furnish a valid ground for setting aside a verdict for the defendant and ordering a new trial, where, under all the evidence in the case, the defendant was entitled to a verdict as a matter of law, regardless of whether the evidence erroneously admitted was considered or disregarded. Schnell v. Northern P. R. Co. ante, 369, 1 NW(2d) 56; see also Sorg v. Brost, 29 ND 124, 150 NW 455; Bristol & S. Co. v. Skapple & Montgomery, 17 ND 271, 115 NW 841, supra. And where an appellant in a civil action asks that a verdict of a jury be set aside because of certain instructions alleged to be erroneous, he must establish affirmatively by the record presented to the appellate court that under the evidence in the case the jury might and probably would have returned a different verdict if the erroneous instructions had not been given. Ross v. Kay Copper Co. 20 Ariz 576, 184 P 978; Morgan v. Bankers' Trust Co. 63 Wash 476, 115 P. 1047; Osmundson v. Moore Mercantile Co. 70 Mont 458, 226 P 215; Bryant v. Gray, 179 Cal 679, 178 P 709; Giles v. Ternes, 93 Kan 140, 143 P 491.

"The question whether the trial court's charge misled the jury cannot be decided without reading the evidence in connection with

the instructions complained of." Osmundson v. Moore Mercantile Co. 70 Mont 458, 226 P 215, supra. "Without the evidence bearing on any question in the case, it cannot be determined on an appeal that an instruction given, even if erroneous as an abstract statement of law, was prejudicial error." Giles v. Ternes, supra. "It is incumbent upon the party appealing to show, not only abstract error, but error prejudicial to him upon the facts in evidence, and, to avail himself of the point that an instruction was erroneous, he must bring before the court sufficient evidence to show that, upon a proper instruction, there might have been a finding in his favor. If he does less than this, he presents for consideration a mere abstract question of error." Hamlin v. Pacific Electric R. Co. 150 Cal 776, 89 P 1109, 1112. See also Isensee Motors Co. v. Godfrey, 61 ND 435, 238 NW 550; Jacobson v. Klamann, 54 ND 867, 211 NW 595.

The plaintiffs sought to recover from the defendant, Van Horne, (1) certain moneys which they alleged had been paid to him as salary in excess of that which he was entitled to receive, and, (2) certain other moneys which they alleged had been paid to and retained by him, but which belonged to the plaintiffs. Whether he had received and had retained the moneys alleged, were questions of fact, and the answer thereto could be found only in the evidence adduced upon the trial. If there was no evidence from which reasonable men in the exercise of reason and judgment could have found that he did receive and retain such moneys, then any error in the instructions as to the amount thereof that he had a right to receive and retain became harmless, and did not affect the verdict. Ross v. Kay Copper Co. 20 Ariz 576, 184 P 978, supra.

While the assignments of error are based on the instructions, the actual contention of the appellants is that the defendant, Van Horne, received certain payments in excess of that which he was entitled to receive under the law and that plaintiffs as a matter of law were entitled to recover such moneys. If appellants' contentions, as to the law and the facts, are correct, plaintiffs would have been entitled to a directed verdict. Yet there was no motion for a directed verdict, nor was there any request for an instruction that the plain-

tiffs were entitled to recover a certain amount, and there was no motion for a new trial.

Throughout the whole history of this state it has been an established principle, both in civil and in criminal cases, that in an action tried to a jury the question of the sufficiency of the evidence cannot be raised for the first time in the Supreme Court. State v. Empting, 21 ND 128, 128 NW 1119; State v. Glass, 29 ND 620, 151 NW 229; Horton v. Wright, B. & S. Co. 43 ND 114, 174 NW 67; Bailey v. Davis, 49 ND 838, 193 NW 658; Veum v. Stefferud, 50 ND 371, 196 NW 104; Jacobson v. Klamann, 54 ND 867, 211 NW 595, supra; Schulenberg v. Long, 57 ND 262, 221 NW 69. In a civil action the question whether the verdict is supported by, or is against, the evidence can be raised in the supreme court only if it has been presented to the trial court by motion for a dircted verdict or by motion for a new trial. Horton v. Wright, B. & S. Co.; Bailey v. Davis, Veum v. Stefferud; Jacobson v. Klamann; and Schulenberg v. Long, supra.

If the appellants had assigned error upon the verdict on the ground that the evidence was insufficient to sustain the verdict or that the verdict was contrary to the evidence and in such assignments had pointed out the specific facts claimed to have been conclusively established by the evidence, and wherein the verdict was contrary to the evidence (Comp. Laws 1913, § 7656), and in support of, or as a part of, such assignments had presented a complete transcript of all the evidence, no question would have been presented reviewable in this court. Morris v. Minneapolis, St. P. & S. Ste. M. R. Co. 32 ND 366, 155 NW 861; Horton v. Wright, B. & S. Co.; Bailey v. Davis; Veum v. Stefferud; and Jacobson v. Klamann, supra. In this case the same result is sought to be obtained indirectly by assignment of error to the instructions. Morris v. Minneapolis, St. P. & S. Ste. M. R. Co. 32 ND at p. 370, 155 NW 861.

The assignments of error in this case consist of quotations of certain portions of the instructions. There is not even an attempt to point out wherein the instructions are erroneous.

The statute requires that instructions shall be in writing. Comp. Laws 1913, §§ 7620, 7621. Oral instructions may be given only

"with the consent of both parties entered in the minutes." Comp. Laws 1913, § 7621. When written instructions are given "the court may in its discretion submit the written instructions, which it proposes to give to the jury, to counsel in the case for examination, and require such counsel after reasonable examination thereof to designate such parts thereof as he may deem objectionable, and such counsel must thereupon designate such parts of such instructions as he may deem improper, and thereafter only such parts so designated shall be excepted to by the counsel so designating the same." Comp. Laws 1913, § 7620. In such case, "all proceedings connected with the taking of exceptions shall be in the absence of the jury." Comp. Laws 1913, § 7621.

Apparently the instructions in this case were in writing. In any event, there is nothing to show that oral instructions were given. The record does not show whether the instructions were submitted to counsel for examination, so as to require and enable counsel to designate such parts thereof as he might deem objectionable, as provided by § 7620, Comp. Laws 1913. For aught the record presented on this appeal shows, the instructions were so submitted, and counsel made no objection to any part of the instructions.

We adhere to the former opinion and the conclusion reached therein.

A rehearing is denied.

BURR, Ch. J., and CHRISTIANSON, MORRIS, BURKE, and NUESSLE, JJ., concur.